HANA HILSENRATH
OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
ohlx@sbcglobal.net

PLAINTIFFS *IN PRO PER*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HANA HILSENRATH et al,

    Plaintiffs,

       v.

THE SWISS CONFEDERATION et al,

    Defendants.

Case No. C-07-2782 WHA

DECLARATION OF HANA AND OLIVER HILSENRATH RE PROOF OF SERVICE OF DOC'S 6,7 & 8 ON THE SWISS CENTRAL AUTHORITY PURSUANT TO HAGUE CONVENTION AND ORDER OF THIS COURT

We, Hana and Oliver Hilsenrath, plaintiffs *in pro per* declare the following to be true under penalty of perjury:

Defendants Swiss Confederation et al were properly served with true copies of Orders 6, 7 and 8 of this Court, pursuant to the order of this court and according to the Hague Convention.

Defendants were served by registered mail and facsimile as presented in the attachment of this declaration.

Dated: June 15, 2007

Respectfully submitted,

_____/s_____

HANA HILSENRATH

_____/s_____

OLIVER HILSENRATH

**Hana Hilsenrath, Oliver Hilsenrath**
**822 Eastbrook Court, Danville CA 94506**
**Tel: +1 925 212 6299, Fax: +1 925 736 7571**
**Email:**

_Attorneys of Record In Propria Persona_

# Fax

| To: | **Federal Justice Department** | **From:** | Hana and Oliver Hilsenrath |
|---|---|---|---|
| **Fax:** | **011-41-31-322-5380** | **Pages:** | 19 |
| **Phone:** | **011-41-31-322-4310** | **Date:** | 6/16/2007 |
| **Re:** | **CASE No C 07 2782 MMC** | **CC:** | [Click here and type name] |

☐ **Urgent**     ☐ **For Review**     ☐ **Please Comment**     ☐ **Please Reply**     ☐ **Please Recycle**

● **Comments:** Attached Court Orders in the above Case.

Also sent by US Registered Mail.

**Hana Hilsenrath, Oliver Hilsenrath**
**822 Eastbrook Court, Danville CA 94506**
**Tel: +1 925 212 6299, Fax: +1 925 736 7571**
**Email: ohlx@sbcglobal.net**

**Attorneys of Record *In Propria Persona***

June 15, 2007

**Federal Justice and Police Department, Federal Office for Police Matters,**
**International Judicial and Extrajudicial Assistance,**
**Bundesrain 20, 3003 Bern,**
**Switzerland,**
**Tel. 011-41-31-322-4310,**
**Fax 011-41-31-322-5380**

**RE: Proceedings in the Federal Court of San Francisco No C 07 2782 MMC**

Dear Madam or Sir,

We hereby present a package of documents with the request to serve the persons and entities listed in attachment to this letter on the subject of the legal proceedings in federal court in San Francisco - California.

Please note that the abovementioned case was transferred to Judge William H. Alsup.

The attached order states that a Case Management Conference was scheduled on **August 30, 2007 at 11:00 a.m.**, before the Honorable William Alsup.

The parties shall report to Courtroom 9, on the 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

Not less than seven days prior, counsel shall submit a joint case management conference statement not to exceed ten pages.

All other deadlines in the initial case management scheduling order filed on May 29, 2007 remain in effect.

We are much obliged, and thank you in advance for your courtesy,


_____/s_____                          _____/s_____

Hana Hilsenrath                            Oliver Hilsenrath

# ANNEX TO FORM USM-94

### ADDRESSES OF DEFENDANTS IN CASE NO. C 07 2782 MMC

### FOR THE PURPOSE OF SERVICE OF COMPLAINT

## DEFENDANT 1: THE SWISS CONFEDERATION
Bundesrain 20, 3003 Bern,
Switzerland,
Tel. 011-41-31-322-4310,
Fax 011-41-31-322-5380

## DEFENDANT 2: THE FEDERAL ATTORNEY GENERAL OF SWITZERLAND
Bundesrain 20, 3003 Bern,
Switzerland,
Tel. 011-41-31-322-4310,
Fax 011-41-31-322-5380

## DEFENDANT 3 : GERARD SAUTEBIN
Office des juges d'instruction fédéraux
Rue du Mont-Blanc 4
Case postale 1795
CH - 1211 Genève 1
Tel:  +41 22 906 90 20,
Fax. +41 22 906 90 21,

## DEFENDANT 4: BRENT HOLTKAMP
Taubenstrasse 16
Bern, CH-3003
Tel: +41 31 322 0662
Fax: +41 31 322 0503

U.S. Department of Justice
United States Marshals Service

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

| **Identity and address of the applicant**<br>*Identité et adresse du requérant*<br><br>HANA HILSENRATH, OLIVER HILSENRATH<br>822 Eastbrook Court, Danville, CA 94506, USA<br>Tel: +1 925 212 6299, Fax: +1 925 736 7571<br>email: ohlx@sbcglobal.net<br>PLAINTIFFS IN PROPRIA PERSONA | **Address of receiving authority**<br>*Adresse de l'autorité destinataire*<br><br>Federal Justice and Police Department,<br>Federal Office for Police Matters, International<br>Judicial and Extrajudicial Assistance,<br>Bundesrain 20, 3003 Bern, Switzerland,<br>Tel. +41-31-322-4310, Fax +41-31-322-5380 |
|---|---|

**The undersigned applicant has the honour to transmit -- in duplicate-- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e., (identity and address)**
*Le requérant soussignée a l'honneur de faire parvenir--en double exemplaire--à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir:*
*(identité et adresse)*

1. SWISS CONFEDERATION; 2. SWISS FEDERAL ATTORNEY GENERAL;
3. GERARD SAUTEBIN; 4. BRENT HOLTKAMP -- SEE ADDRESSES IN ANNEX

[X] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
　　*a) selon les formes légales (article 5 alinéa premier, lettre a).*

[ ] (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
　　*b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*

[ ] (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
　　*c) le cas échéant, par remise simple (article 5, alinéa 2).*

**The authority is requested to return or to have returned to the applicant a copy of the documents and of the annexes with a certificate as provided on the reverse side.**
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

List of documents
*Enumération des pièces*

| | |
|---|---|
| 1. DOC NO 6 -- CASE NO. C 07 2782 MMC | |
| 2. DOC NO 7 -- CASE NO. C 07 2782 MMC | |
| 3. DOC NO 8 -- CASE NO. C 07 2782 MMC | |

Done at SAN FRANCISCO _____, the 15 JUNE 2007
*Fait à* _____ , *le* _____

Signature and/or stamp
*Signature et/ou cachet*

HANA AND OLIVER HILSENRATH

\*Delete if inappropriate
*Rayer les mentions inutiles.*

Form USM-94
Est. 11/77
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

# CERTIFICATE
## *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
*1) que la demande a été exécutée*
     — the (date) -- *le (date)* _____
     — at (place, street, number) - *à (localité, rue, numéro)*

     _____

     -- in one of the following methods authorized by article 5:
     *-- dans une des formes suivantes prévues à l'article 5:*

        ☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
           *a) selon les formes légales (article 5. alinéa premier, lettre a)*

        ☐ (b) in accordance with the following particular method:
           *b) selon la forme particulière suivante:* _____

        ☐ (c) by delivery to the addressee, who accepted it voluntarily.*
           *c) par remise simple.*

     The documents referred to in the request have been delivered to:
     *Les documents mentionnés dans la demande ont été remis à:*

        - (identity and description of person)
        *- (Identité et qualité de la personne)*

        _____

        - relationship to the addressee family, business or other
        *- liens de parenté de subordination ou autres avec le destinataire de l'acte:*

        _____

2) that the document has not been served, by reason of the following facts*:
*2) que la demande n'a pas été exécutée, en raison des faits suivants:*

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse
the expenses detailed in the attached statement*
*Conformément  à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais
dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pieces renvoyées*

_____
_____
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

_____
_____

Done at _____ , the _____
*Fait à* _____ , *le* _____

Signature and/or stamp
*Signature et/ou cachet*

# SUMMARY OF THE DOCUMENT TO BE SERVED
## *ÉLÉMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa quatre)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*

DISTRICT COURT, SAN FRANCISCO, CALIFORNIA, 450 GOLDEN GATE AVE

**Particulars of the parties:**
*Identité des parties:*

PLAINTIFFS FOR THE HILSENRATH FAMILY VERSUS DEFENDANTS- ALL MEMBERS OF SWISS GOV

### JUDICIAL DOCUMENT
*ACTE JUDICIA IRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

COURT ORDERS DECUMENTS 6, 7 & 8 IN CASE NO C 07 2782 WHA

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*

CASE REASSIGNMENT AND ORDERS DOC'S 6,7&8

**Date and place for entering appearance:**
*Date et lieu de la comparution:*

SAN FRANCISCO, 450 GOLDEN GATE AVE., CLERK OF COURT, NO LATER THAN JULY 29, 2007

**Court which has given judgment**:**
*Juridiction qui a rendu la décision:*

SAN FRANCISCO FEDERAL DISTRICT COURT - JUDGE WILLIAM H. ALSUP

**Dale of Judgment**:**
*Date de la décision:*

JUNE 11, 2007

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte:*

CASE MAMAGEMENT CONFERENCE AUGUST 30, 2007,

### EXTRAJUDICIAL DOCUMENT
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

**Time limits stated in the document:**
*Indication des délais figurant dans l'acte:*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**RELATED CASE ORDER**

     A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

    **CR03-00213 WHA**    USA v. Hilsenrath, et al

    **C 07-02782 MMC**    Hilsenrath et al v. The Swiss Confederation et al

        I find that the above case is related to the case assigned to me.   __WHA__

**ORDER**

    Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated:  __June 11, 2007__

                     Judge William H. Alsup

-1-

## CERTIFICATE OF SERVICE

I certify that on the date stated below, I lodged a copy of this order with each judicial officer and I mailed a copy to each counsel of record or *pro se* party in the cases listed above.

Richard W. Wieking, Clerk

DATED: __June 11, 2007__

By: _____

Deputy Clerk

Copies to:  Courtroom Deputies
            Case Systems Administrators
            Counsel of Record
Entered into Assignment Program _____(date)

-2-

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH, et al., | No. C 07-02782 WHA |
| Plaintiff, | |
| v. | **CLERK'S NOTICE SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE ON REASSIGNMENT** |
| THE SWISS CONFEDERATION, et al., | |
| Defendant. | |

(Plaintiff shall serve a copy of this notice on any party in the above-entitled action not appearing on the Notice of Electronic Filing or Other Case Activity and/or the attached Certificate of Service)

YOU ARE NOTIFIED THAT the Court has scheduled an Initial Case Management Conference for **August 30, 2007 at 11:00 a.m.**, before the Honorable William Alsup. Please report to Courtroom 9, on the 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. Not less than seven days prior, counsel shall submit a joint case management conference statement not to exceed ten pages. All other deadlines in the initial case management scheduling order filed on May 29, 2007 remain in effect.

Parties requesting a continuance shall submit a stipulation and proposed order. If the parties are unable to reach a stipulation, the requesting party shall submit an ex parte application with a proposed order.

Dated: June 11, 2007

FOR THE COURT,

Richard W. Wieking, Clerk

By: _____
Dawn K. Toland
Courtroom Deputy to the
Honorable William Alsup

Last revised April 9, 2007.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**SUPPLEMENTAL ORDER TO
ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE
IN CIVIL CASES BEFORE JUDGE WILLIAM ALSUP**

**INTRODUCTION**

The purpose of this supplemental order is to guide the parties on recurring practical questions that arise prior to trial and to impose certain requirements for the conduct of the case. Counsel must please read this order and follow it.

**SERVICE OF THIS ORDER**

1.     For cases originating in this Court, plaintiff(s) must serve this order and the order setting the initial case management conference (along with any other required pleadings) on each defendant. For cases removed from state court, the removing defendant(s) must serve this order and the order setting the initial case management conference (along with any other required pleadings) immediately on each and every party that has previously appeared or that appears within thirty days after removal. Thereafter, any existing party to the action that brings a new party into the action must immediately serve a copy of this order and the order setting the initial case management conference (along with any other required pleadings) on the new party.

Case 3:07-cv-02782-MMC   Document 8   Filed 06/16/2007   Page 12 of 10

**CASE MANAGEMENT CONFERENCE**

2.      The parties will please address the standardized items in the court-wide format for the joint case management statement.  This is available at the Standing Order For all Judges of the Northern District of California — Contents of Joint Case Management Statements.  Please file (electronically or manually depending on your case) at least **SEVEN CALENDAR DAYS** prior to the case management conference.

3.      Each party shall be represented at the case management conference by counsel (preferably lead counsel) prepared to address all such matters and with authority to enter stipulations and to make admissions.

4.      Pursuant to FRCP 26(d), no formal discovery shall be initiated by any party until after the meet-and-confer session required by FRCP 26(f), except by stipulation or prior court order.  As soon as a party has notice of this order, however, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document-destruction programs and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**ELECTRONIC CASE FILING — LODGING HARD COPIES WITH CHAMBERS**

5.      In all "E-Filing" cases, in addition to filing papers electronically, the parties are required to lodge for chambers one paper copy of each document that is filed electronically. These printed copies shall be marked "Chambers Copy — Do Not File" and shall be in an envelop clearly marked with the judge's name and case number.  It shall be delivered to the Clerk's office no later than noon on the day following the day that the papers were filed electronically.  Parties shall *not file* a paper copy of any document with the Clerk's Office that has already been filed electronically.  For the final pretrial conference, please follow *Guidelines for Trial and Final Pretrial Conference In Civil Jury Cases Before the Honorable William Alsup.*

6.      Any proposed order other than those routinely submitted in connection with regularly-noticed motions shall be sent by e-mail to "whapo@cand.uscourts.gov" in WordPerfect or Microsoft Word format (*never* PDF).  **PLEASE** include the case name and

2

United States District Court
For the Northern District of California

1  number on the "subject" line of the e-mail message.  This address should *only* be used for such

2  proposed orders.

3  ### SETTING MOTIONS

4       7.      Counsel need not request a motion hearing date and may notice non-discovery

5  motions for any Thursday (excepting holidays) at 8:00 a.m.  Case management and final pretrial

6  conferences will be set by the Court.

7  ### FORM OF SUBMISSIONS

8       8.      On summary judgment motions, joint statements of undisputed facts are not

9  required but are helpful if completely agreed upon.  Please do *not* file separate statements of

10  "undisputed facts."

11      9.      Reply declarations are disfavored.  Opening declarations should set forth all facts

12  on points foreseeably relevant to the relief sought.  Reply papers should not raise new points that

13  could have been addressed in the opening.

14      10.     The title of the submission must be sufficient to alert the Court to the relief

15  sought; for example, please do not bury a request for continuance in the body of a memorandum.

16      11.     All submissions filed with the Court shall include on the cover sheet the date and

17  time of the hearing or conference.  Counsel should include their facsimile transmission numbers

18  along with their telephone numbers on their papers.

19  ### DISCOVERY

20      12.     The following paragraphs on discovery provide counsel and the parties with

21  views and guidelines of Judge Alsup so that they can plan accordingly.  For good cause, the

22  parties are invited to propose any modifications in their joint case management conference

23  statement.  Unless and until modified, however, the following provisions shall supplement the

24  requirements of the Federal Rules of Civil Procedure and the local rules.

25      13.     In responding to requests for documents and materials under FRCP 34, all parties

26  shall *affirmatively state* in a written response the full extent to which they will produce materials

27  and shall, promptly after the production, confirm in writing that they have produced *all* such

28  materials so described that are locatable after a diligent search of *all* locations at which such

3

1    materials might plausibly exist.  It is not sufficient to state that "responsive" materials will be or

2    have been produced.  Such a response leaves open the distinct possibility that other responsive

3    materials have not been produced.

4         14.    In searching for responsive materials in connection with FRCP 34 requests or for

5    materials required to be disclosed under FRCP 26(a)(1), parties must search computerized files,

6    e-mails, voice mails, work files, desk files, calendars and diaries, and any other locations and

7    sources if materials of the type to be produced might plausibly be expected to be found there.

8    The Court has found that certain basic information normally learned by counsel anyway should

9    be made available to the other side at the time of production, as if it were a response to a

10   standing interrogatory, as follows.  At the time of the production, the responding party should

11   provide a written list to the requesting party setting forth in detail each specific source and

12   location searched.  The list must also identify, by name and position, all persons conducting the

13   search and their areas of search responsibility.  The producing party shall also provide a list

14   describing the specific source for each produced item as well as for each item withheld on a

15   ground of privilege, using the unique identifying numbers to specify documents or ranges.

16   Materials produced in discovery should bear unique identifying control numbers on each page.

17        15.    To the maximum extent feasible, all party files and records should be retained

18   and produced in their original form and sequence including file folders, and the originals should

19   remain available for inspection by any counsel on reasonable notice.

20        16.    Except for good cause, no item shall be received as case-in-chief evidence if the

21   proponent has failed to produce it in response to a reasonable and proper discovery request

22   covering the item, regardless of whether any discovery motion was made.  A burden or

23   overbreadth or similar objection shall not be a valid reason for withholding requested materials

24   actually known to counsel or a party representative responsible for the conduct of the litigation.

25        17.    Privilege logs shall be promptly provided and must be sufficiently detailed and

26   informative to justify the privilege.  *See* FRCP 26(b)(5).  No generalized claims of privilege or

27   work-product protection shall be permitted.  With respect to each communication for which a

28

United States District Court
For the Northern District of California

4

1  claim of privilege or work product is made, the asserting party must at the time of assertion

2  identify:

3     (a)    all persons making or receiving the privileged or protected

4  communication;

5     (b)    the steps taken to ensure the confidentiality of the communication,

6  including affirmation that no unauthorized persons have received the

7  communication;

8     (c)    the date of the communication; and

9     (d)    the subject matter of the communication.

10  Failure to furnish this information at the time of the assertion will be deemed a waiver of the

11  privilege or protection. The log should also indicate, as stated above, the location where the

12  document was found.

13     18.    Absent extraordinary circumstances, counsel shall consult in advance with

14  opposing counsel and unrepresented proposed deponents to schedule depositions at

15  mutually-convenient times and places. That some counsel may be unavailable shall not,

16  however, be grounds for deferring or postponing a deposition if another attorney from the same

17  firm or who represents a party with similar interests to that witness is able to attend. Ordinarily,

18  if one side desires a prompt deposition, the other side is expected to agree to dates falling within

19  *thirty days* of the request. On the other hand, rarely should one side expect the other side to

20  agree to a deposition sooner than *seven days* of the request.

21     19.    If any objection to a request for materials is overruled, and if the disputed request

22  was due and pending at the time of a deposition, the withholding party or counsel must, at the

23  request of any other party, re-produce all deponents under its control or represented by them for

24  further deposition examination as to any new materials produced in response that are germane

25  to that deponent and must bear the expense of doing so. A party objecting to producing

26  requested materials may not use the existence of its own objections as a basis for postponing

27  any deposition unless such party promptly meets and confers and then, if failing to reach an

28  agreement, seeks to bring a prompt motion for a protective order.

United States District Court
For the Northern District of California

5

20.     Counsel and parties shall comply with FRCP 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. Under no circumstances should any counsel interject, "if you know," or otherwise coach a deponent. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement. Private conferences between deponents and attorneys in the course of examination, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

21.     Deponents and their counsel must make a good-faith effort to prepare for depositions and to refresh witness memories on important matters in the suit about which the witness reasonably should be expected to have knowledge. Deponents who claim to lack recollection during their deposition but who later claim at trial to have had their memories refreshed in the interim, may be, among other things, impeached with their previous failures of recollection during their depositions or be subject to preclusion. In preparing deponents, defending counsel shall segregate and retain all materials used to refresh their memories and shall provide them to examining counsel at the outset of the deposition.

22.     To the maximum extent feasible, deposition exhibits shall be numbered in a simple manner that will allow the same numbering at trial. In discovery, counsel shall agree on blocks of exhibit numbers to be used by the respective parties. Identical exhibits should not be re-marked, but various versions of the same document, such as copies with hand notes added, should be separately marked if used. *See* Local Rule 30-2(b)(3).

23.     FRCP 26(a)(2)(B) requires disclosure of all opinions, bases, reasons and "other information considered" by an expert. Counsel shall preserve all drafts of expert reports (partial or complete) and notes and other evidence of communications with experts (or with any intermediaries between counsel and the experts) on the subject of this actual or potential testimony, and shall instruct their experts and any intermediaries to do likewise. All such

6

materials shall be produced upon expert designation (unless all parties otherwise stipulate in writing).  This requirement does not apply to intermediate drafts prepared solely by the testifying expert not provided to or discussed with anyone else.  Counsel's private notes of conversations will be treated as work product and need not be produced absent the showing required by FRCP 26(b)(3).

24.    With respect to depositions under FRCP 30(b)(6), the fundamental purpose is to allow a party to notice a deposition by subject matter, thereby requiring the respondent to designate and to produce one or more organization witnesses knowledgeable on the designated topic, a useful procedure when the roles of percipient witnesses controlled by an adverse party are unknown.  In some cases, however, counsel routinely appear to notice Rule 30(b)(6) depositions on numerous and wide-ranging topics, including even the basis for "contentions" made by adverse parties.  To obviate disputes and to give guidance, these guidelines will be observed:

(a)    Without a prior order increasing the limit, a party may seek Rule 30(b)(6) depositions from another party on up to a total of ten subject matters (for the entire case) described with "reasonable particularity."  In framing the subjects, it is normally improper to ask for Rule 30(b)(6) deponents to testify concerning the entire basis of a claim or defense.  On the other hand, examples of proper subjects, which would require the respondent to find and to produce knowledgeable deponents, include "the time line of research and development leading to the invention in question" or "the efforts undertaken by defendant to locate documents responsive to plaintiff's document request."  The notice should be directed at discovering percipient facts in the possession of the adverse party, not at forcing a supposed "fact witness" to appear and defend the entire thesis of a claim or defense.  If a notice includes an overbroad topic, the overbroad topic shall be unenforceable and may not be later replaced with a proper topic.

(b)    Each witness-designee deposed for one half-day or more in a Rule 30(b)(6) deposition shall count as a single deposition for purposes of the

United States District Court
For the Northern District of California

7

Case 3:07-cv-02782-MMC   Document 8   Filed 06/14/2007   Page 8 of 10

deposition limit under FRCP 26 or under any case management order setting a limit on the number of depositions. A corporate designee may, immediately after being deposed on the stated subject, be deposed in his or her individual capacity. Both such sessions shall count together as a single deposition (although they should be separately transcribed). If two designees, to take another example, are interrogated, each for one half-day or more, then they count as two depositions.

(c)     If an organization cannot reasonably locate a witness to testify based on personal knowledge, there is no requirement under Rule 30(b)(6) for the organization to "woodshed" or to "educate" an individual to testify on the subject. If the organization does not produce any such deponent, however, the organization may not present case-in-chief evidence at trial or on summary judgment on that topic from any witness it could have so designated.

(d)     Rule 30(b)(6) testimony never constitutes an irrebuttable judicial admission. It will normally, however, be evidence admissible against the organization producing the witness. The jury may, upon request, be instructed on the significance of the testimony under Rule 30(b)(6).

25.     If a dispute arises during a deposition and involves either a persistent obstruction of the deposition or a refusal to answer a material question on a ground other than privilege, counsel may attempt to arrange a telephone conference with the Court through the courtroom deputy, Dawn Toland, at 415-522-2020. Any such conference should be attended by the same court reporter recording the deposition.

26.     All other requests for discovery relief must first be summarized in a letter no longer than three pages from the party seeking relief after having met and conferred. Up to twelve pages of attachments may be added. In the letter, counsel should identify themselves in the signature block as "counsel for _____." *The letter should be electronically-filed in the official file along with the discovery-dispute requests and responses, as well as any timely letter cancelling the hearing if settlement is reached.* Counsel may send (and manually file) their letters via the United States mail if their case is not an e-file case. (Please note that with all

8

United States District Court
For the Northern District of California

communications with the Court by e-filing, *a hard copy must be lodged* in the Court's mail box in the Clerk's Office on the sixteenth floor no later than noon of the following day.)  The Court will then advise the parties whether a response, written motion or a  telephone conference or court hearing will be required.  After the telephone conference or hearing, counsel should submit their proposed order (agreed as to form) by e-filing it and/or by United States mail.  This paragraph applies only to cases wherein discovery is being supervised by the district judge rather than by a magistrate judge or special master.

**DISCLOSURES**

27.     Apart from discovery, Rule 26 requires certain automatic disclosures and requires them to be made in a timely manner.  Under Rule 37(c), untimely-disclosed materials may not be used at trial or on summary judgment unless the delay in disclosure is "harmless" or unless "substantial justification" for the delay is shown.

**COMMUNICATIONS WITH CHAMBERS**

28.     Please do not send any letters to the Court (except for requests for discovery conferences, short cover letters for dismissals, orders agreed-upon as to form, or chambers copies of electronically-filed documents).  When corresponding with the Court by letter, always identify whom you represent.  Please do not fax or messenger anything to chambers without advance permission specific to the item.  If you need to messenger a letter to the Court, please have it taken directly to the Clerk's Office.  If you want the official file to be complete, you must either take your letter to the Clerk's Office on the sixteenth floor and request it to be filed in the official files, or mail it to the Clerk's Office for filing, or e-file it if the case is an e-filed case; the chambers staff is *not* responsible for filing your documents.

29.     You may contact the courtroom deputy, Dawn Toland (on the sixteenth floor in the Clerk's Office), at 415-522-2020 with appropriate inquiries.  Except for the letters described above, please do not attempt to make contact by telephone or any other *ex parte* means with chambers staff.

9

**CROSS REFERENCE TO OTHER STANDING ORDERS AND GUIDELINES**

30.    The Court has separate standing guidelines for preparation for the final pretrial conference and trial.  In securities cases, the Court has a standing order concerning early notice to class members.  They are always available for review at the website for the United States District Court for the Northern District of California at www.cand.uscourts.gov.

Dated:  April 9, 2007.

                                    WILLIAM ALSUP
                                    UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

10

**HP OfficeJet G Series G85**
**Personal Printer/Fax/Copier/Scanner**

**Fax-History Report** for
Hana & Oliver Hilsenrath
001 925 736 7571
16 Jun 2007 13:16

---

**Last Fax**

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| 16 Jun | 13:11 | Sent | 01141313225380 | 5:14 | 19 | OK |

---

Result:
  OK - black and white fax
  Okay color - color fax

**Registered No.** RE038075312US

**Date Stamp**

0318
JUN 16 2007

| To Be Completed By Post Office | | | | |
|---|---|---|---|---|
| Reg. Fee | $10.15 | [redacted] | | |
| Handling Charge | $0.00 | Return Receipt | $0.00 | |
| Postage | $7.20 | Restricted Delivery | $0.00 | |
| Received by | | | | |
| Customer Must Declare Full Value $ | $0.00 | With Postal Insurance / Without Postal Insurance | | Domestic insurance up to $25,000 is included in the fee. International indemnity is limited. *(See Reverse).* |

OFFICIAL USE

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

| | |
|---|---|
| FROM | /Oliver Hilsenrath |
| | 822 Eastbrook Ct. |
| | Danville CA 94506 |
| | USA |
| TO | Federal Justice Department |
| | CH Switzerland Bundesrain 20 |
| | 3003 Bern |
| | Switzerland |

PS Form **3806**, **Receipt for Registered Mail** *Copy 1 - Customer*
May 2004 (7530-02-000-9051) *(See Information on Reverse)*
For domestic delivery information, visit our website at *www.usps.com* ®