Hana and Oliver Hilsenrath
822 Eastbrook Court
Danville, CA 94506

Unsere Referenz: 454.1-BON
Phone: +202 745 7900
Fax: +202 387 2564
was.vertretung@eda.admin.ch
**Washington, D.C., July 5, 2007**

## Re: H. and O. Hilsenrath v. Swiss Confederation, Swiss Federal Attorney General, Gerard Sautebin, Brent Holtkamp

Dear Mr. and Mrs. Hilsenrath:

I am writing to you in response to the papers you sent (in one duplicate) to the "Federal Justice and Police Department, Federal Office for Police Matters, International Judicial and Extrajudicial Assistance," at Bern, Switzerland, on May 30, 2007, requesting to serve documents within Switzerland (1. Complaint Case No. C 07 2782 MMC, 2. German Translation of Complaint, 3. Court Summons in a Civil Case, 4. Case Management Conference Order, 5. ECF Registration Handout) in a legal action you initiated in the United States District Court, Northern District of California. The defendants upon which you requested service were as follows: The Swiss Confederation, Bern; The Federal Attorney General of Switzerland, Bern; Gerard Sautebin, Office des juges d'instruction fédéraux, Genève; Brent Holtkamp, Bern (member of the Office of the Federal Attorney General).

The documents were sent with the request for service form required by the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). They were sent to the Swiss Central Authority pursuant to the Hague Service Convention.

The Government of Switzerland has adopted a policy of vigorous adherence to the Hague Service Convention, and the Central Authority has reviewed your request. For the reasons set forth in this letter, the Central Authority has determined that your request does not comply with the requirements of the Hague Service Convention and, in addition, is incompatible with Swiss and international law.

Initially, the Central Authority identified several important defects in the request.
First, the request was not forwarded by an authority or judicial officer competent as required by Article 3 of the Hague Service Convention. Private individuals are not considered as authority or judicial officer in the meaning of said Article 3 and thus not competent to approach the Central Authority directly, even if, under their law, they were entitled to serve documents (for reference, cf: Note 93, Practical Handbook on the Operation of the Hague Service Convention, published by the Hague Conference on Private International Law, 2006). Second, the request did not contain enough duplicate copies of the documents for all the addressees. Third, the documents No. 3,

2900 Cathedral Ave. NW
Washington, D.C. 20008-3499
Telefon: (202) 745 7900, Fax: (202) 387 2564
was.vertretung@eda.admin.ch, www.swissemb.org


Exh. B

No. 4 and No. 5 are not translated. Further, the German translation of the Complaint is of very low quality and cannot be understood.

Upon further review, the Central Authority has also determined that even if the request were resubmitted in a proper manner, Switzerland would not be able to accede to it pursuant to Article 13 of the Hague Service Convention, because compliance would infringe upon Swiss sovereignty and security. Article 13 was specifically intended to address situations such as this one, in which a lawsuit has been instituted against a national sovereign or a judicial authority, alleging damages arising from the exercise of his judicial authority or from judicial decisions by domestic courts (for reference, cf: Note 180, Practical Handbook on the Operation of the Hague Service Convention, published by the Hague Conference on Private International Law, 2006).

Finally, the Government of Switzerland wishes to draw your attention to the well-established principle of international law under which a sovereign nation and its government officials are immune from the jurisdiction of the domestic courts of another country for claims arising out of public acts (*jure imperii*) of the sovereign nation. Prosecutions by a State Attorney, and the rendering of decisions by judges, both acting in their official capacities, are, for instance, such public acts. The United States courts therefore lack jurisdiction over the Government of Switzerland and the individual officials named as defendants in your Complaint.

Because the Central Authority has rejected your request, I am returning your papers to you.

Sincerely yours,

THE AMBASSADOR OF SWITZERLAND

Urs Ziswiler

Copy:

- Clerk of Court (Case No. C 07 2782 MMC)
  United States District Court
  Northern District of California
  450 Golden Gate Ave.
  San Francisco, CA 94102
- U.S. Department of Justice, Office of Foreign Litigation, Civil Division, Room 11001, 1100 L St., N.W., Washington, D.C. 20530
- U.S. Department of State, Office of Austrian, German, and Swiss Affairs, Room 4228. 2201 C St., N.W., Washington, D.C. 20520