PILLSBURY WINTHROP SHAW PITTMAN LLP
KIRKE M. HASSON (SBN 61446)
kirke.hasson@pillsburylaw.com
SHARON L. O'GRADY (SBN 102356)
sharon.ogrady@pillsburylaw.com
50 Fremont Street
San Francisco, CA 94105
Telephone:   (415) 983-1000
Facsimile:   (415) 983-1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
VERNON H. GRANNEMAN (SBN 83532)
vernon.granneman@pillsburylaw.com
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone:   (650) 233-4500
Facsimile:   (650) 233-4545

Attorneys for Plaintiff and Counter-defendants,
TERARECON, INC., MOTOAKI SAITO, M.D., and ROBERT TAYLOR, Ph.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERARECON, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FOVIA, INC.; FOVIA MEDICAL, INC.; KENNETH FINEMAN; ROGER KATEN; GEORGE BUYANOVSKY; IGOR OKULIST; and JOSEF GOREK,<br><br>　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. C 05-04407 (CW)<br><br>E-FILING<br><br><u>COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS UNDER FED. R. CIV. PROC. 12(b)(6), AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES</u><br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date　　　September 22, 2006<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 2, 4th Floor<br>Judge:　　The Honorable Claudia Wilken |

700499519v2

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
Case No. C05-04407 (CW)

Table of Contents

| | | Page |

NOTICE OF MOTION AND MOTION ...................................................................................1

RELIEF SOUGHT .......................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

I.    INTRODUCTION ..................................................................................................1

II.    STATEMENT OF THE ISSUES TO BE DECIDED ............................................2

III.    STATEMENT OF THE CASE ...............................................................................3

IV.    LEGAL STANDARD ............................................................................................5

V.    ARGUMENT .........................................................................................................5

    A.    THE SECOND CLAIM SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM AGAINST OF THE TERARECON PARTIES. ..........................................................................5

    B.    THE THIRD COUNTERCLAIM SHOULD BE DISMISSED. ................7

        1.    The Third Counterclaim Fails To State A Claim Against Any Counter-Defendant, and Should Be Dismissed. .................................7

        2.    The Third Counterclaim Claim Fails To State A Claim Against Saito And Taylor Because It Fails To Ascribe Any Wrongful Conduct To Them. ...........................................................8

    C.    THE FOURTH COUNTERCLAIM SHOULD BE DISMISSED. ............8

        1.    The Fourth Counterclaim Fails to State a Claim as To Any of the TeraRecon Parties and Should Be Dismissed. ...............................8

            a.    The Fourth Counterclaim Fails to State a Section 17200 Claim Based on False Promise or Other Fraud. ..........................9

            b.    The Fourth Counterclaim Fails to State a Section 17200 Claim Based on TeraRecon's Advertising of Its Products. ........10

        2.    Even If Not Preempted, The Fourth Counterclaim Fails To State A Claim Upon Which Relief May Be Granted Against Taylor. ............................................................................................13

VI.    CONCLUSION ....................................................................................................15

Table of Authorities

Cases

Balistreri v. Pacifica Police Dept.,
    901 F.2d 696 (9th Cir. 1990) .................................................................................. 5

Day v. Moscow,
    955 F.2d 807 (2nd Cir. 1992) .................................................................................. 7

Diehlsi v. Falk,
    916 F. Supp. 985 (C.D. Cal. 1996) ........................................................................ 13

Epstein v. Wash. Energy Co.,
    83 F.3d 1136 (9th Cir. 1996) .................................................................................. 7

FDIC v. O'Melveny & Myers,
    61 F.3d 17 (9th Cir. 1995) .................................................................................... 10

FDIC v. O'Melveny & Myers,
    969 F.2d 744 (9th Cir. 1992) ........................................................................... 10, 14

Fisher v. Dees,
    794 F.2d 432 (9th Cir. 1986) ........................................................................... 11, 12

Lewis v. ACB Bus. Servs., Inc.,
    135 F.3d 389 (6th Cir. 1998) .................................................................................. 5

Litchfield v. Spielberg,
    736 F.2d 1352 (9th Cir. 1984) .............................................................................. 13

Merco Constr. Eng'rs v. Municipal Court,
    21 Cal. 3d 724 (1978) ........................................................................................... 10

Motown Record Corp. v. George A. Hormel & Co.,
    657 F. Supp. 1236 (C.D. Cal.. 1987) .................................................................... 12

Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co.,
    467 F. Supp. 841 (N.D. Cal. 1979) ....................................................................... 14

O'Melveny & Myers v. FDIC,
    512 U.S. 79 (1994) ................................................................................................ 10

Pareto v. F.D.I.C.,
    139 F.2d 696 (9th Cir. 1998) .................................................................................. 5

Reynolds v. Bement,
    32 Cal. Rptr.3d 483 (Cal. Sup. 2005) ................................................................... 14

Robertson v. Dean Witter Reynolds,
    749 F.2d 530 (9th 1984) ......................................................................................... 5

Roth v. Rhodes,
    25 Cal. App. 4th 530 (1994) ................................................................................... 6

Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.,
  7 F.3d 1434 (9th Cir. 1993) .................................................................................... 11

Vess v. Ciba-Geigy Corp. USA,
  317 F.3d 1097 (9th Cir. 2003) .................................................................................. 7

Wharton v. Columbia Pictures, Inc.,
  807 F. Supp. 144 (D. Md. 1995) ............................................................................. 12

Statutes and Codes

California Business and Professions Code section 17200 ............................................ passim
  Section 17204 ........................................................................................................ 10

Federal Rule of Civil Procedure 12(b)(6) ................................................................ 1, 2, 5, 8

Local Rule 7-4(a)(3) ................................................................................................. 2

United States Code
  Title 15, Section 1125(a)(1) ..................................................................................... 11
  Title 17, section 106 ................................................................................................ 13

Rules and Regulations

Federal Rules of Civil Procedure
  Rule 9(b) ............................................................................................................. 6, 7

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on September 22, 2006, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California 94612, Courtroom 2, 4th Floor, before the Honorable Claudia Wilken, Counter-Defendants TeraRecon, Inc., Motoaki Saito, M.D. and Robert Taylor, Ph.D. will bring on for hearing their motion hereby made to dismiss the Second, Third and Counterclaims for Relief of the Second Amended Counterclaims filed by the Fovia parties Fovia, Inc., Fovia Medical, Inc. (collectively, the "Fovia parties") and George Buyanovsky on the ground that they fail to state claims upon which relief may be granted. This motion is based on this notice of motion and motion, the memorandum of points and authorities, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

## RELIEF SOUGHT

Counter-Defendants TeraRecon, Inc., Motoaki Saito, M.D. and Robert Taylor, Ph.D. seek dismissal of the Second, Third and Fourth Counterclaims of the Second Amended Counterclaims brought by Fovia, Inc., Fovia Medical, Inc. and George Buyanovsky, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is an action by TeraRecon, Inc. ("TeraRecon"), a leader in 3-D medical imaging, against a company and its founding individual defendants, most of whom were employed by TeraRecon, but who are now exploiting TeraRecon's confidences and trade secrets in competition with TeraRecon.

On February 6, 2006, Fovia, Inc. and Fovia Medical (collectively, the "Fovia parties") and Buyanovsky filed a Counterclaim against plaintiff TeraRecon, Inc. ("TeraRecon"), as well as TeraRecon's Chief Executive Officer, Motoaki Saito, M.D. ("Saito), and TeraRecon's Chief Operating Officer, Robert Taylor, Ph.D. ("Taylor")

1  (collectively, "the TeraRecon parties"). After the TeraRecon parties filed a motion to
2  dismiss, by stipulation the Fovia parties filed an Answer and Amended Counterclaims.
3  Because the Amended Counterclaims did not correct the deficiencies in the Fovia parties'
4  pleading, the TeraRecon parties proceeded with their motion to dismiss, which was granted
5  on July 6, 2006.

6  On July 20, 2006, the Fovia parties and Buyanovsky filed their Second Amended
7  Counterclaims ("SAC"). Because these claims do not correct the problems that rendered
8  the Amended Counterclaims defective, the TeraRecon parties again move to dismiss.

9  As was the case with the TeraRecon parties' earlier motion to dismiss, the
10 TeraRecon parties are not seeking dismissal of the First Claim, for copyright infringement.
11 However, by this motion the TeraRecon parties seek dismissal of the other three purported
12 claims for relief brought by the Fovia parties,[1] none of which state a claim upon which
13 relief may be granted. These claims are strikingly lacking in relevant factual allegations,
14 and in some cases fail to contain accusing actions against Taylor and Saito. The Fovia
15 parties seek to mask these problems by substituting legal conclusions for statements of fact,
16 but legal conclusions are not sufficient to survive a motion under Rule 12(b)(6). The Court
17 should dismiss the Second, Third and Fourth Counterclaims.

18 **II.  STATEMENT OF THE ISSUES TO BE DECIDED**

19 Pursuant to Local Rule 7-4(a)(3), this Motion to Dismiss raises the following issues
20 for the Court to decide:

21 A.  Whether the Second Counterclaim should be dismissed because it fails to
22 state a claim upon which relief may be granted against any Counter-Defendant.

23 B.  Whether the Third Counterclaim should be dismissed because it fails to state
24 a claim upon which relief may be granted against any Counter-Defendant.

25
26 _____

27 [1] Buyanovsky is a counterclaimant only on the Counterclaim for Copyright
   Infringement, and not on the Counterclaims which are the subject of this motion.
28

C. Whether the Third Counterclaim should be dismissed as to Saito and Taylor because it does not ascribe any wrongful conduct to them.

D. Whether the Fourth Counterclaim should be dismissed because it fails to state a claim upon which relief may be granted against any Counter-Defendant.

E. Whether the Fourth Counterclaim should be dismissed as to Taylor because it does not ascribe any wrongful conduct to him.

### III. STATEMENT OF THE CASE

In 1997, TeraRecon created a volume rendering apparatus that consists of a hardware component and a software component, now named Aquarius. TeraRecon continues to develop Aquarius and has invested large volumes of time, effort and money from 1997 to the present on that development.

Defendants Buyanovsky, Kenneth Fineman, Roger Katen and Igor Okulist were employees of TeraRecon who departed TeraRecon and set up Fovia, Inc. and Fovia Medical, Inc. The Fovia parties develop and sell medical imaging applications competitive with TeraRecon's Aquarius.

TeraRecon filed this action on October 28, 2005 against its former employees, Fovia, and the fifth member of the Fovia management team, Josef Gorek. TeraRecon's claims include copyright infringement, misappropriation of trade secrets, and other state law claims.

On February 6, 2006, defendants Fovia and Buyanovsky filed counterclaims against TeraRecon and added two additional counter-defendants, Saito and Taylor. Saito is the Chief Executive Officer of TeraRecon and Taylor is its Chief Operating Officer. As originally filed, there were four counterclaims, each of which is asserted against all three of the counter-defendants: (1) copyright infringement, (2) violation of section 17200 of the California Business and Professions Code, (3) intentional interference with prospective economic advantage, and (4) negligent interference with prospective economic advantage.

1   On April 3, 2006, the TeraRecon parties filed a motion to dismiss the Second, Third and Fourth Counterclaims.[2] Pursuant to stipulation of the parties, on April 10, 2006, the Fovia parties filed Amended Counterclaims. In the Amended Counterclaims, the Fovia parties changed some of their allegations and also dropped their claims for negligent interference with prospective economic advantage against the individual Counter-Defendants, Saito and Taylor. Counter-defendants disagreed that the amended pleading addressed and cured the issues raised in the motion to dismiss, and this Court agreed, dismissing the Second, Third and Four Counterclaims with leave to amend. See Order Granting Counterdefendants' Motion to Dismiss Counterclaims and Granting Plaintiff's Motion to Amend Complaint, filed July 6, 2006 ("July 6 Order").

On July 20, the Fovia parties filed the SAC, this time switching the order of the Second through Fourth Claims and expanding the scope of the negligent interference claim to include claims against Counter-Defendants Saito and Taylor:

| Substantive Claim | Second Amended Counterclaims | | Amended Counterclaims | |
|---|---|---|---|---|
| | Counterclaim | Against | Counterclaim | Against |
| Intentional interference with prospective economic advantage | Second | TeraRecon, Saito and Taylor | Third | TeraRecon, Saito and Taylor |
| Negligent interference with prospective economic advantage | Third | TeraRecon, Saito and Taylor | Fourth | TeraRecon |
| Business & Professions Code § 17200 | Fourth | TeraRecon, Saito and Taylor | Second | TeraRecon, Saito and Taylor |

---

[2]   Counter-Defendants did not move to dismiss the claim for copyright infringement, and do not seek dismissal of that claim here.

1  The SAC does not cure deficiencies in the Fovia parties' pleadings that were specifically
2  identified by the Court in the July 6 Order. Accordingly, the TeraRecon parties again ask
3  the Court to dismiss these claims.

4  **IV.   LEGAL STANDARD**

5  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint (or
6  counterclaim) is subject to dismissal if it fails to state a claim upon which relief may be
7  granted. In deciding such a motion, the well-pleaded allegations of the complaint must be
8  accepted as true. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).[3] "However,
9  conclusory allegations of law and unwarranted inferences are not sufficient to defeat a
10 motion to dismiss." *Id.* See *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-07 (6th Cir.
11 1998). The court may dismiss a complaint as a matter of law when there is no cognizable
12 legal theory to support the claim or when there are insufficient facts to support a cognizable
13 legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990);
14 *Robertson v. Dean Witter Reynolds,* 749 F.2d 530, 533-34 (9th 1984).

15 **V.   ARGUMENT**

16       **A.   THE SECOND COUNTERCLAIM SHOULD BE DISMISSED
              BECAUSE IT FAILS TO STATE A CLAIM AGAINST OF THE
17            TERARECON PARTIES.**

18
19 The Second Counterclaim can easily be disposed of, for the Fovia parties took no
20 guidance from this Court's July 6 Order, and have made no effort to correct the deficiencies
21 in this claim. Indeed, the Fovia parties made no changes to its allegations on this
   Counterclaim.[4]
22
23 Thus, the Counterclaim continues to fail to allege any specific existing or
24 prospective relationships, instead merely relying on conclusory language that merely

---

25 [3] The TeraRecon parties strongly dispute the allegations in the SAC, and anticipate
26 that they will be the subject of later motion practice.

[4] For the convenience of the Court, a redline of the Second Amended Counterclaims
27 marked to show changes from the Amended Counterclaims is attached hereto as Exhibit A.
   The red-line of the Second Counterclaim is found at ¶¶ 60-67 of that document.
28

repeats the elements of the tort. *See Roth v. Rhodes*, 25 Cal. App. 4th 530, 546, 30 Cal. Rptr. 2d 706, 715 (1994). These vague allegations do not satisfy federal pleading requirements because they fail to put defendants on notice of which relationships they allegedly disrupted.

In this Court's order granting the motion to dismiss, the Court noted that the Fovia parties were required to allege fraud with specificity, as required by Rule 9(b) of the Federal Rules of Civil Procedure, and had not done so. The Court stated:

> Without the intentional misrepresentation allegations that do not meet the specificity requirements of Rule 9(b), the Fovia parties allege that the TeraRecon parties interfered with their business relationships through "improper means." Although the Rules do not require the Fovia parties to describe in detail these "improper means," they must provide the TeraRecon parties fair notice of what their claim is and the grounds on which it rests. They do not. Therefore, the third counterclaim is also dismissed with leave to amend.

July 6 Order at 16. The SAC does nothing to cure this defect – indeed, the allegations of the Second Claim are ***identical*** to the allegations of the Third Claim of the Amended Counterclaim. See Exhibit A at ¶¶ 60-67. As with the Amended Counterclaims, the SAC identifies no customers with which the TeraRecon parties' allegedly interfered, no who, what when or where of the alleged misrepresentations. In short, the Fovia parties have utterly failed to conform its misrepresentation allegations to the requirements of Federal Rule of Civil Procedure 9(b), or to clarify what other "improper means" constitute their claim.

The Second Claim does incorporate by reference some additional allegations from the General Allegations portion of the SAC concerning statements Dr. Saito allegedly made to Buyanovsky in late 2001 and early 2002. See Exhibit A ¶¶ 39, 43-44. However, these allegations add nothing to Counterclaimants' interference allegations. The alleged conduct occurred long before the Fovia parties, who are the Counterclaimants on this claim, were even formed, and therefore before there existed any prospective relationships which could

have been disrupted.[5] Therefore those allegations cannot support the Fovia parties' interference claims.

Since the Fovia parties have done nothing to cure the defects in the Second Counterclaim of the SAC, the Court should dismiss that Counterclaim with prejudice.

### B. THE THIRD COUNTERCLAIM SHOULD BE DISMISSED.

#### 1. The Third Counterclaim Fails To State A Claim Against Any Counter-Defendant, and Should Be Dismissed.

The Fovia parties also made no changes to the allegations of the Third Counterclaim, other than to **add** Saito and Taylor as individual defendants on that claim. See Exhibit A at ¶¶ 68-77. Consequently, the Fovia parties have done nothing to cure the defects in that claim identified in the Court's July 6 Order. In the Order, the Court stated:

> As [the Fovia parties] note, however, this claim also alleges that TeraRecon made misleading statements to prospective customers, in addition to misrepresenting its rights relating to the engine. Those allegations, like the similar allegations discussed above, are not plead with the specificity required by Rule 9(b) and thus must be disregarded. See Vess [v. Ciba-Geigy Corp. USA], 317 F.3d [1097, 1105 (9th Cir. 2003)]. Without those allegations, the counterclaim only states that TeraRecon has negligently interfered with Fovia and Fovia Medical's prospective business relationships. Conclusory allegations are insufficient to defeat a motion to dismiss for failure to state a claim. Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).

Order at 16.[6] Because the Fovia parties have not corrected the deficiencies which caused this Court to dismiss their Third Counterclaim, the Court should dismiss the Counterclaim with prejudice.

---

[5] In their Answer to the Second Amended Complaint, filed June 7, 2006, Defendants admit that Fovia (then called Volutronics Inc.) was formed on or about January 21, 2003 and that Fovia Medical was formed on or about June 14, 2004. Answer to Second Amended Complaint ¶¶ 45, 48. This Court may take judicial notice of its own records. Day v. Moscow, 955 F.2d 807, 811 (2nd Cir. 1992).

[6] Again, the Fovia parties incorporate by reference the General Allegations, which include additional allegations in ¶¶ 39, 43 and 44. As noted in Section V.A. above, conduct occurring before the Fovia parties were in existence cannot support a claim for negligent interference.

2. **The Third Counterclaim Claim Fails To State A Claim Against Saito And Taylor Because It Fails To Ascribe Any Wrongful Conduct To Them.**

The Third Counterclaim fails as to Saito and Taylor for the additional reason that it fails to ascribe any wrongful conduct to them. Indeed, neither Saito nor Taylor is even mentioned in the charging allegations of the claim. See SAC ¶¶ 69-70. While the Fovia parties allege that "*TeraRecon* failed to conduct a reasonable investigation. . .", "*TeraRecon* lacked a reasonable basis to claim that any copying, misappropriation or misuse has occurred. . .", "*TeraRecon* has negligently interfered. . .", and "Fovia and Fovia Medical have suffered damages from *TeraRecon's* misleading statements. . .", there are no similar allegations directed at either Saito or Taylor. See SAC ¶¶ 72, 73, 77 (emphasis added). Since the Third Claim fails to allege any negligent interference by Saito or Taylor, the Third Claim of the SAC should be dismissed with prejudice as to them.[7]

C.  **THE FOURTH COUNTERCLAIM SHOULD BE DISMISSED.**

1. **The Fourth Counterclaim Fails to State a Claim as To Any of the TeraRecon Parties and Should Be Dismissed.**

The Fovia parties continue to try to fit the square peg of their copyright claim into the round hole that is Business and Professions Code § 17200. They continue to fail.

In contrast to their approach to the Second and Third Counterclaims, the Fovia parties actually have amended the allegations in their Fourth Counterclaim, which purports to be based on section 17200 of the California Business and Professions Code, unfair competition. In particular, the Fovia parties have added allegations of false promise and misrepresentations by Saito, and allegations describing TeraRecon's advertising for its

---

[7] In the TeraRecon parties' original motion to dismiss directed to the Fovia parties' original Counterclaims, the TeraRecon parties made this same argument. The Fovia parties then dropped Saito and Taylor from this claim in the Fovia parties' Amended Counterclaims, filed while that motion was pending. The issue thus had been mooted by the time of the oral argument on that motion to dismiss. The TeraRecon parties question whether the Fovia parties appropriately may add these individuals to these claims after those parties were explicitly dropped in response to the TeraRecon parties' earlier Rule 12(b)(6) motion. In all events, the claim should be dismissed with prejudice as to them now.

1  products.[8] However, even as amended this Counterclaim fails to state a claim upon which
2  relief may be granted.
3       First, the Fovia parties' claims of false promise and misrepresentation are
4  inadequate to state a claim by the Fovia parties under § 17200. Second, the Fovia parties'
5  expanded claims regarding advertising do not add an extra element that would avoid
6  Copyright preemption.

       **a.   The Fourth Counterclaim Fails to State a Section 17200 Claim Based on False Promise or Other Fraud.**

9       In their opposition to the TeraRecon parties' previous motion to dismiss, the Fovia
10 parties argued that they had stated a claim for "misleading promises".[9] In their reply, the
11 TeraRecon parties noted that in fact the allegations for a claim of false promise had not
12 been pled,[10] and this Court agreed. July 6 Order at 8-9. In the Fourth Counterclaim of the
13 SAC, the Fovia parties try to rectify that problem, but fail.
14      There is a fundamental problem with this claim. The claim is asserted by the Fovia
15 parties - **Fovia** and **Fovia Medical**. Yet the alleged false promises and misrepresentations
16 were made, not to Fovia or Fovia Medical, but to Buyanovsky. SAC ¶¶ 81-85, 89-92.
17 Indeed, these actions occurred at a time when neither Fovia nor Fovia Medical was even in
18 existence.[11] Buyanovsky allegedly has assigned his copyright to Fovia, SAC ¶ 27, and this
19 gives Fovia standing to assert a copyright claim against the TeraRecon parties, but there is
20 no basis for the Fovia parties' assertion of an unfair competition claim against the

---

[8]  Because the Fovia parties have reordered their counterclaims, Exhibit A does not reflect the actual differences between the claim as it existed in the Amended Counterclaims and the claim as it exists in the SAC – because it shows the entirety of the claim from the Amended Counterclaims as a deletion and the entirety of the claim as it appears in the SAC as new matter. To aid the Court in determining the differences between the two claims, attached as Exhibit B is a redline of only Counterclaim Four of the SAC, marked to show changes from Counterclaim Two of the Amended Counterclaims.

[9]  Opposition to Counter-Defendants' Motion to Dismiss Counterclaims and Plaintiff's Motion to Amend Complaint, filed April 21, 2006, at 5-6.

[10] Reply in Further Support of Motion to Dismiss, filed April 28, 2006, at 6 and note 4.

[11] See Note 5 *supra*.

TeraRecon parties based on alleged false promises or misrepresentations made to Mr. Buyanovsky before the Fovia parties were formed. Consequently, the Fovia parties cannot have "suffered injury in fact and [have] lost money as a result of" the alleged false promises or statements. BUS. & PROF. CODE § 17204 (as amended by Proposition 64).

The Fovia parties attempt but fail to allege standing to assert claims based on this conduct. In paragraph 98 of the SAC, they state: "Buyanovsky is a founder, owner and officer in Fovia and Fovia Medical." This allegation does nothing to save this claim.

The Fovia parties misunderstand the applicable legal principles.

> It is fundamental, of course, that a "corporation is a distinct legal entity separate from its stockholders and from its officers."

*FDIC v. O'Melveny & Myers*, 969 F.2d 744, 750 (9th Cir. 1992)[12] (quoting *Merco Constr. Eng'rs v. Municipal Court*, 21 Cal. 3d 724, 729, 147 Cal. Rptr. 631, 634 (1978). Neither Buyanovsky's position as founder or shareholder or officer of the Fovia parties gives the Fovia parties standing to assert claims belonging to Buyanovsky – much less these claims, which accrued when Buyanovsky was a TeraRecon employee, before he became a founder, shareholder and officer of the Fovia parties.

The Fovia parties' claim, if there is one, is for TeraRecon's alleged infringement of the Fovia parties' copyright. They can assert no claim based on alleged statements made by Saito to Buyanovsky in late 2001 and early 2002.

    **b. The Fourth Counterclaim Fails to State a Section 17200 Claim Based on TeraRecon's advertising of Its Products.**

As discussed in detail in the TeraRecon parties' previous motion, state law claims arising out of matters covered by the copyright or patent laws are preempted unless they "contain[] an element not shared by the federal law; an element which changes the nature

---

[12] The Supreme Court subsequently granted certiorari to consider whether federal or state law applied to the claims, and concluded that state law applied. *O'Melveny & Myers v. FDIC*, 512 U.S. 79 (1994). On remand, the Ninth Circuit affirmed its previous ruling and adopted its earlier opinion *in haec verba*, with the exception of Part IV.B. *FDIC v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir. 1995). The citation above is to that portion of the earlier decision that was adopted *in haec verba*.

of the action 'so that it is *qualitatively* different from a copyright [or patent] infringement claim.'" *See Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439-40 (9th Cir. 1993). Here, the balance of the allegations on which the Fovia parties rely are simply more detailed descriptions of TeraRecon's advertising and promotion of TeraRecon's own product, which Fovia claims incorporates its copyrighted Engine. The fact that the TeraRecon advertises its Aquarius product does not insert the extra element that the Ninth Circuit requires in order to avoid Copyright Act preemption.

Although the Fovia parties refuse to characterize it as such, these allegations are just dressed-up reverse passing off claims. *See Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d at 1437-8, 1441-42. The Fovia parties simply allege – in more detail – that TeraRecon advertises its Aquarius product, which the Fovia parties claim infringes their copyright. See SAC ¶¶ 99-109. This is qualitatively the same kind of allegation of misappropriation which was found to be preempted by the Copyright Act in the *Summit Machinery* case.

The Ninth Circuit decision in *Fisher v. Dees*, 794 F.2d 432 (9th Cir. 1986) is controlling. In that case, the Ninth Circuit held that reverse passing off – the false claiming of authorship – was preempted by federal law.

> Under California law, a plaintiff claiming unfair competition must prove a likelihood of confusion by purchasers as to source. Yet this confusion must be of a specific kind: the public must be misled into thinking that the defendant's product is actually the plaintiff's. In other words, the defendant must be guilty of "passing off" his product as the plaintiff's. Here, there is no "passing off." In fact, the composers allege the opposite situation-- namely that Dees sells their work as if it were his.
>
> Assuming *arguendo* that the false claiming of authorship constitutes a separate tort under California law, such a cause of action is nevertheless preempted by federal law. In *Compco Corp. v. Day-Bright Lighting, Inc.*, 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964), and *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), the Supreme Court determined that the Supremacy Clause of the United States Constitution, U.S. Const., art. VI, precludes the states from protecting types of intellectual property that are already covered by the federal copyright or patent laws. *Sears* and *Compco* ma[k]e it very clear that just as a state could not encroach upon the federal patent laws directly it could not do so indirectly under the guise of enforcing its laws against unfair competition where those laws would clash with the federal objectives. The same applies

> to the copyright statute. Accordingly, the kind of misappropriation alleged by the composers can be redressed, if at all, only under federal law.

*Id.* at 440 (some citations and quotation marks omitted). *Accord Motown Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1239-40 (C.D. Cal. 1987) (Section 17200 claim preempted where the essence of the claim is that defendants allegedly used a copyrighted work without authorization).

Indeed, these are the very claims of reverse passing off and misappropriation – dressed up with a bit more detail – that the Court already has determined are preempted by the Copyright Act. As this Court observed:

> ***The Fovia parties' unfair competition claim, founded on allegations that the TeraRecon parties misrepresented that TeraRecon's 3-D volume rendering software is exclusively its own product and that images in TeraRecon's marketing materials were created by its own product, does not address rights which are qualitatively different from copyright rights.*** Still at issue is the copyright owner's exclusive rights of reproduction, production of derivative works, distribution, and display. See 17 U.S.C. § 106; *Wharton v. Columbia Pictures Industries, Inc.*, 907 F. Supp. 144, 146 (D. Md. 1995) (holding that the plaintiff's misrepresentation claim was "equivalent" to the right to prepare derivative works because it concerned the central allegation that the defendants plagiarized his copyrighted screenplay and thus the claim was preempted); *Aagard v. Palomar Builders, Inc.*, 344 F. Supp. 2d 1211 (E.D. Cal. 2004) (California unfair competition claims were preempted by federal copyright law to extent they asserted that defendant had reproduced and distributed claimant's architectural plans as her own). The alleged misrepresentation claims do not add an extra element which changes the nature of the action. *See Valente-Kritzer Video*, 881 F.2d at 776. Therefore, they cannot be the basis for a violation of California Business and Professions Code § 17200, and the claim will be dismissed with leave to amend.

July 6 Order at 9 (emphasis added).

Title 17 U.S.C. § 106 gives an author the exclusive right to copy and prepare derivative works based on the copyrighted work. Allegations that TeraRecon displayed images using Buyanovsky's Engine on its website and advertised its products utilizing his software design falls squarely within Section 106. *See Wharton v. Columbia Pictures, Inc.*, 907 F. Supp. 144, 145-46 (D. Md. 1995) (dismissing state law claims for misrepresentation and fraud on preemption grounds because the claims asserted were equivalent to the copyright infringement claims). Indeed, to find that merely advertising the allegedly

infringing product constitutes the "extra element" to avoid Copyright Act preemption would eviscerate Copyright preemption entirely – every author who was accused of infringing a copyright would independently be subject to a § 17200 claim merely on the basis of an advertisement of the book listing the author, or a dust jacket squib referring to the author and his book, or even the book cover which denotes the author as having written the book. If that were the law, the Court in *Diehlsi v. Falk,* 916 F. Supp. 985 (C.D. Cal. 1996), would not have had to reach the issue whether defendants' promise not to make unauthorized use of the book was simply a restatement of the plaintiff's copyright claims, for the very screening of the television episode without crediting plaintiff as author would have provided an independent claim of misrepresentation. *See id.* at 991-92. *See also Litchfield v. Spielberg,* 736 F.2d 1352, 1358 (9th Cir. 1984) (to the extent that "state claims for unfair competition and misrepresentation" and simply "restatements of the copyright infringement claims, they are preempted by federal copyright law").

Even as amended, the Fovia parties' Fourth Counterclaim fails to state a claim and should be dismissed with prejudice.

**2. The Fourth Counterclaim Fails To State A Claim Upon Which Relief May Be Granted Against Taylor.**

The Fovia parties' section 17200 claim does not state a claim against Taylor for the simply reason that it identifies no allegedly wrongful conduct by him. The Counterclaim is devoid of ***any allegations directed to actions by Taylor.***

Indeed, the only reference to Taylor contained in the Fourth Claim is a legal conclusion:

> 80. TeraRecon, Saito, and Taylor's regular practice of depriving Fovia and Fovia Medical of the value of their products and services by misappropriating the Buyanovsky Engine for the benefit of TeraRecon's business lines constitutes an unfair business practice in violation of California Business and Professions Code § 17200.
>
> 81. TeraRecon, Saito, and Taylor obtained the Buyanovsky Engine by Saito's misstatements to Buyanovsky regarding the limited uses to which it would be put.
>
> * * *

1        89.    TeraRecon, Saito, and Taylor later improperly obtained the source code for the Buyanovsky Engine ***due to Saito's further misstatements to Buyanovsky*** regarding the limited uses to which the engine would be put.

SAC ¶¶ 80-81, 89. These allegations are insufficient against Taylor, because they plainly seek to impute to Taylor alleged conduct by Saito.

While the actions of an officer may in proper circumstances be imputed to his corporation, *see FDIC v. O'Melveny & Myers,* 969 F.2d at 750, there is no legal basis for imputing to one officer conduct of a fellow officer. Thus, the only basis for imputation of wrongful conduct to Taylor would be by reason of Taylor's position as Chief Operating Officer of TeraRecon. As discussed in the prior motion to dismiss brought by the TeraRecon parties, it is well-settled that "a corporate executive will not be held vicariously liable, merely by virtue of his office, for the torts of his corporation." *Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co.,* 467 F. Supp. 841, 852 (N.D. Cal. 1979), *aff'd,* 658 F.2d 1256 (9th Cir. 1981). "Their liability, if any, . . . stems from their own tortious conduct, not from their status as directors or officers of the enterprise." *Reynolds v. Bement,* 36 Cal. 4th 1075, 1090, 32 Cal. Rptr.3d 483, 494 (2005). Boilerplate allegations are not sufficient to overcome this rule. *Id.* at 1090, 32 Cal. Rptr. 3d at 494.

There are no allegations at all in the complaint that Taylor personally participated in any of the allegedly unfair conduct. The conclusory allegations that lump TeraRecon, Saito and Taylor together (Counterclaim ¶¶ 161-62, 164-66) are simply insufficient, for they fail to indicate any conduct on the part of Taylor that could give rise to personal liability.

Moreover, as noted in the TeraRecon parties' earlier motion to dismiss, to the extent that Claim Four an inartful attempt to allege a conspiracy, it still fails to present a cognizable theory, for "[a]gents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their own individual advantage." *Reynolds v. Bement,* 36 Cal. 4th at 1090, 32 Cal. Rptr. 3d at 494. There is no allegation that Taylor acted for his own advantage. In fact, the Fovia parties tacitly admit that he did not, for the relief they seek is disgorgement of ***TeraRecon's*** profits.

1    112.   Fovia and Fovia Medical are without adequate remedy at law and are entitled to other equitable relief pursuant to California Business and Professions Code Section 17203, including restitution and disgorgement of all TeraRecon profits associated with TeraRecon, Saito, and Taylor's acts of unfair competition.

SAC ¶ 112.

## VI. CONCLUSION

For the reasons set forth above, the Court should dismiss the Second, Third and Fourth Counterclaims of the SAC. The Fovia parties have been represented in this action by competent counsel, and this Court's July 6 Order identified the deficiencies in the Fovia parties' Amended Counterclaims. Their failure to correct those deficiencies suggests that they cannot. Accordingly, these claims should be dismissed without leave to amend.

Dated: August 7, 2006.

PILLSBURY WINTHROP SHAW PITTMAN LLP


By  /s/ Sharon L. O'Grady

Attorneys for Plaintiff and Counter-defendants,
TERARECON, INC., , MOTOAKI SAITO, M.D.,
and ROBERT TAYLOR, Ph.D.