1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   STEPHAN E. BECKER (*pro hac vice* application pending)
2    Email: stephan.becker@pillsburylaw.com
   2300 N Street N.W.
3  Washington, D.C. 20037-1122
   Telephone:    (202) 663-8277
4  Facsimile:    (202) 663-8007

5  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SHARON L. O'GRADY (SBN 102356)
6    Email: sharon.ogrady@pillsburylaw.com
   50 Fremont Street
7  Post Office Box 7880
   San Francisco, CA 94120-7880
8  Telephone:    (415) 983-1198
   Facsimile:    (415) 983-1200
9
   Attorneys for Defendants
10 THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL
   OF SWITZERLAND, GERALD SAUTEBIN AND BRENT HOLTKAMP
11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15 OLIVER HILSENRATH, ET AL.,          )   Case No. C-07-2782-WHA
                                       )
16              Plaintiffs,            )   E-Filing
                                       )
17    v.                               )   MOTION OF DEFENDANTS THE
                                       )   SWISS CONFEDERATION, THE
18 THE SWISS CONFEDERATION, THE        )   FEDERAL ATTORNEY GENERAL OF
   FEDERAL ATTORNEY GENERAL OF         )   SWITZERLAND, GERARD
19 SWITZERLAND, GERARD SAUTEBIN,       )   SAUTEBIN, BRENT HOLTKAMP TO
   BRENT HOLTKAMP,                     )   DISMISS COMPLAINT (FEDERAL
20                                     )   RULE OF CIVIL PROCEDURE
              Defendants.              )   12(b)(1),(2), AND (6))
21                                     )
                                       )   Date:      September 13, 2007
22                                     )   Time:      8:00 a.m.
                                       )   Courtroom: 9, 19th Floor
23                                     )   Judge:     The Hon. William H. Alsup
                                       )
24                                     )   Filed herewith:
                                       )   1.  Declaration of G. Sautebin
25                                     )   2.  Declaration of B. Holtkamp
                                       )   3.  Declaration of R. Reusser
26                                     )   4.  Declaration of D. Cavalleri
                                       )   5.  Request for Judicial Notice
27 _____ )   6.  Appendix of Authorities

28

1

# TABLE OF CONTENTS

2

Page

3   NOTICE OF MOTION AND MOTION ........................................................................ 1

4   SUPPORTING MEMORANDUM ............................................................................... 2

5   I.    INTRODUCTION. .......................................................................................... 2

6   II.   ISSUES PRESENTED. .................................................................................... 2

7   III.  REQUESTED RELIEF. ................................................................................... 3

8   IV.   STATEMENT OF FACTS. ............................................................................... 3

9   V.    ARGUMENT. ................................................................................................. 5

10

11        A.    Judgment Should Be Entered Where There Are No Issues of
                Material Fact and Movants Are Entitled to Judgment as a
12              Matter of Law. ......................................................................................... 5

13        B.    Service Has Not Properly Been Executed on the Defendants. ................ 6

14        C.    The Foreign Sovereign Immunities Act Requires Dismissal of
                this Suit. ................................................................................................. 10

15
                1.    The Commercial Activity Exception Does Not Apply. ............... 11
16
                2.    The Tortious Activity Exception Does Not Apply. .................... 11
17
                3.    The "Property Taken in Violation of International
18                    Law" Exception Does Not Apply .............................................. 13

19              4.    Defendants Sautebin and Holtkamp Each Qualifies as
                      an "Agency or Instrumentality" of the Government of
20                    Switzerland and the Canton of Geneva Within the
21                    Meaning of the Foreign Sovereign Immunities Act. ................. 13

22        D.    The Court Lacks Personal Jurisdiction over Defendants
                Sautebin and Holtkamp. ........................................................................ 14
23
          E.    The Actions Of The Swiss Defendants Were Acts Of State
24              Entitled To Deference ........................................................................... 15

25        F.    The Swiss Defendants Could Not Violate Plaintiffs' U.S.
                Constitutional Rights Through Actions Taken In Switzerland. ............ 16
26

27   VI.   CONCLUSION. ............................................................................................. 18

28

1

**TABLE OF AUTHORITIES**

2

**Cases**

3    Argentine Republic v. Amerada Hess Shipping Corp.,
          488 U.S. 428 (1989)                                    10
4

     A-Z Int'l v. Phillips,
5         323 F.3d 1141 (9th Cir. 2003)                            5

6    Banco Nacional de Cuba v. Sabbatino,
          376 U.S. 398 (1964)                                     15
7

     Bell Atlantic Corp. v. Twombly,
8         ___ U.S. ___, 127 S.Ct. 1955 (2007)                     6

9    Berdakin v. Consulado De La Republica De El Salvador,
          912 F. Supp. 458 (C.D. Cal. 1995)                        9
10

     Bibeau v. Pac Northwest Research Found., Inc.,
11        334 F.3d 942 (9th Cir. 2003)                            12

12   Borzeka v. Heckler,
          739 F.2d 444 (9th Cir. 1984)                             8
13

     Burger King Corp. v. Rudzewicz,
14        471 U.S. 462 (1985)                                     14

15   Chuidian v. Philippine Nat'l Bank,
          912 F.2d 1095 (9th Cir. 1990)                        10, 13
16

     Cicippio v. Islamic Rep. of Iran,
17        30 F.3d 164 (DC Cir. 1994), cert. denied,
          513 U.S. 1017 (1995)                                    12
18

     Credit Suisse v. United States Dist. Court,
19        130 F.3d 1342 (9th Cir. 1997)                        15, 16

20   Epstein v. Wash. Energy Co.,
          83 F.3d 1136 (9th Cir. 1996)                             6
21

     Guinto v. Marcos,
22        654 F. Supp. 276 (S.D. Cal. 1986)                       16

23   Int'l. Shoe Co. v. Washington,
          326 U.S. 310 (1945)                                     14
24

     Miller v. United States,
25        955 F. Supp. 795 (N.D. Ohio 1996)                       16

26   Mirotznick v. Sensney, Davis & McCormick,
          658 F. Supp. 932 (W.D. Wa. 1986)                         6
27

     Northrop Corp., United States v.
28        5 F.3d 407 (9th Cir. 1993)                               5

1    Oetjen v. Central Leather Co.,
        246 U.S. 297 (1918)                                              15
2
      Olsen v. Government of Mexico,
3        729 F.2d 641 (9th Cir. 1984)                                   11, 12

4    Randolph v. Budget Rent-A-Car,
        97 F.3d 319 (9th Cir. 1996)                                      10
5
      Republic of Argentina v. Weltover, Inc.,
6        504 U.S. 607 (1992)                                             11

7    Risk v. Kingdom of Norway,
        936 F.2d 393 (9th Cir. 1991)                                     12
8
      Rosales v. United States,
9        824 F.d 799 (9th Cir. 1987)                                      5

10   S.A. Empresa de Viacao Aero Rio Grandense (Varig Airlines), United States
         v.
11       467 U.S. 797,
         104 S.Ct. 2755 (1984)                                          12
12
      Saudi Arabia v. Nelson,
13       507 U.S. 349 (1993)                                            6, 11

14   Schwarzenegger v. Fred Martin Motor Co.,
        374 F.3d 797 (9th Cir. 2004)                                      5
15
      Security Pac. Nat'l Bank v. Derderian,
16       872 F.2d 281 (9th Cir. 1989)                                   10, 11

17   Siderman de Blake v. Republic of Argentina,
        965 F.2d 699 (9th Cir. 1992), cert. denied,
18       507 U.S. 1017 (1993)                                            10

19   Stonehill v. United States,
        405 F.2d 738 (9th Cir. 1968), cert. denied,
20       395 U.S. 960 (1968), reh'g denied,
         396 U.S. 870 (1968)                                             16
21
      Straub v. Green,
22       38 F.3d 448 (9th Cir. 1994)                                    8, 9

23   Textainer Equip. Mgmt (U.S.) Ltd. v. TRS Inc.,
        2007 U.S. Dist. LEXIS 47527 (N.D. Cal. 2007)                      6
24
      Underhill v. Hernandez,
25       168 U.S. 250 (1897)                                            15, 16

26   W. S. Kirkpatrick & Co. v. Env'tl Tectronics Corp. Int'l.,
        493 U.S. 400 (1990)                                              15
27
      White v. Lee,
28       227 F.3d 1214 (9th Cir. 2000                                     5

1

## Statutes and Codes

2   United States Code
        Title 15, section 78ff.................................................................................. 4
3
    United States Code
4       Title 18, section 1831 ............................................................................... 4

5   United States Code
        Title 26, section 7201 ............................................................................... 4
6
    United States Code
7       Title 28, section 1330(a)............................................................................ 6

8   United States Code
        Title 28, section 1330(b)............................................................................ 7
9
    United States Code
10      Title 28, section 1330(c)............................................................................ 7

11  United States Code
        Title 28, section 1602 ............................................................................ 1, 2
12
    United States Code
13      Title 28, section 1603(a) .......................................................................... 13

14  United States Code
        Title 28, section 1603(b) .......................................................................... 14
15
    United States Code
16      Title 28, section 1603(d) .......................................................................... 11

17  United States Code
        Title 28, section 1604 ............................................................................. 10
18
    United States Code
19      Title 28, section 1605 ...................................................................... passim

20  United States Code
        Title 28, section 1606 ......................................................................... 7, 10
21
    United States Code
22      Title 28, section 1607 ......................................................................... 7, 10

23  United States Code
        Title 28, section 1608(a).......................................................................... 7, 9
24
    United States Code
25      Title 28, section 2680(a) .......................................................................... 12

26

## Rules and Regulations

27  Federal Rules of Civil Procedure
        Rule 12(b)(1) .................................................................................. 1, 2, 14
28

1    **NOTICE OF MOTION AND MOTION**

2    **TO PLAINTIFFS HANA HILSENRATH, OLIVER HILSENRATH, NAMA**

3    **HILLSENRATH, LIOR HILSENRATH, ELLA HOPE HILSENRATH, ISAIAH**

4    **BENJAMIN HILSENRATH, SAUL NATHANIEL HILSENRATH, AND THE**

5    **LIVING TRUST OF MELANIE AND ANDRE HILSENRATH, IN PROPRIA**

6    **PERSONA:**

7    PLEASE TAKE NOTICE that on September 13, 2007, at 8:00 a.m., or as soon

8    thereafter as the matter may be heard, in the courtroom of the Honorable William Alsup,

9    defendants **THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY**

10    **GENERAL OF SWITZERLAND, GERALD SAUTEBIN** and **BRENT HOLTKAMP**

11    (collectively, the "Swiss Defendants") will bring on for hearing this motion to dismiss.

12    This motion is made pursuant to Rule 12(b)(1),(2) and (6) of the Federal Rules of Civil

13    Procedure, and the Act of State Doctrine.  The grounds for this motion are as follows:

14    (i) this Court lacks personal jurisdiction over the Swiss Defendants because Plaintiffs have

15    not executed service on the Swiss Defendants in conformity with the requirements of the

16    Foreign Sovereign Immunities Act (hereinafter "FSIA"), 28 U.S.C. § 1602 et seq; (ii) this

17    Court lacks subject matter jurisdiction over Plaintiffs' claims because the Swiss Defendants

18    are entitled to sovereign immunity under FSIA; (iii) this Court lacks personal jurisdiction

19    over Defendants Gerard Sautebin and Brent Holtkamp because Messrs. Sautebin and

20    Holtkamp lack sufficient contacts with the United States and the State of California to

21    establish personal jurisdiction; (iv) Plaintiffs' claims are barred as a matter of law under the

22    Act of State Doctrine; and (v) Plaintiffs' constitutional claims fail as a matter of law

23    because the acts complained of were taken by a foreign government in Switzerland.  This

24    motion is based on this notice of motion and motion, the memorandum set forth below, the

25    declarations of Messrs. Holtkamp, Sautebin, and Cavalleri and Ms. Reusser filed herewith,

26    the proposed order filed herewith, such further evidence and argument as may be presented

27    to the Court on this motion, and all of the Court's files and records in this action.

28    Defendants request an order dismissing Plaintiffs' Complaint with prejudice.

Defendants' Motion to Dismiss
                                                    Case No. C 07 2782 WHA

1    **SUPPORTING MEMORANDUM**

2    **I.    INTRODUCTION.**

3          As explained more fully below, Plaintiffs have not executed service on the Swiss

4    Defendants in conformity with the requirements of the Foreign Sovereign Immunities Act

5    (hereinafter "FSIA"), 28 U.S.C. § 1602 et seq.  In any event, Plaintiffs' claims against the

6    Swiss Defendants should be dismissed with prejudice for failure to state a claim pursuant to

7    Rule 12(b)(1),(2), and (6) of the Federal Rules of Civil Procedure,[1] because this Court lacks

8    subject-matter jurisdiction over Plaintiffs' claims against the Swiss Defendants pursuant to

9    the Federal Sovereign Immunities Act.  Alternatively, the Act of State Doctrine bars

10   Plaintiffs' claims against the Swiss Defendants, and this Court should dismiss the

11   Complaint against Defendants Sautebin and Holtkamp for lack of personal jurisdiction

12   pursuant to Rule 12(b)(2).  Finally, the Complaint fails to state a claim because the U.S.

13   Constitution does not apply to actions of the Swiss Government and Swiss Government

14   officials taken within Switzerland.

15   **II.    ISSUES PRESENTED.**

16          A.    Whether this Court has personal jurisdiction over the Swiss Defendants

17   when service has not been made in accordance with the requirements of the Foreign

18   Sovereign Immunities Act.

19          B.    Whether this Court has subject-matter jurisdiction over Plaintiffs' claims

20   against the Swiss Defendants, when the Swiss Defendants are immune from jurisdiction

21   pursuant to the Foreign Sovereign Immunities Act.

22          C.    Whether this Court has personal jurisdiction over Defendants Sautebin and

23   Holtkamp, where they do not have sufficient contacts with the United States and

24   Washington to establish personal jurisdiction.

25

26   _____

27   [1] Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil
     Procedure.
28

Defendants' Motion to Dismiss
                                        Case No. C 07 2782 WHA

1    D.    Whether this Court also lacks subject-matter jurisdiction over Plaintiffs'

2  claims pursuant to the Act of State Doctrine.

3    E.    Whether Plaintiffs' constitutional claims fail as a matter of law because the

4  acts complained of were taken by a foreign government in Switzerland.

5  **III.    REQUESTED RELIEF.**

6    The Swiss Defendants respectfully request that the Complaint be dismissed with

7  prejudice.

8  **IV.    STATEMENT OF FACTS.**

9    In describing the pertinent facts below, the Swiss Defendants rely principally on the

10  assertions contained in the Complaint and in the supporting declarations.

11    The Confederation of Switzerland is the federal government of the nation of

12  Switzerland.  The Office of the Attorney General is described on the English-translated

13  website of the Swiss Federal Department of Justice and Police as follows:

14

15    As the Confederation's independent prosecuting authority, the Office of the
     Attorney General of Switzerland, which forms part of the FDJP, is
     responsible for investigating and prosecuting offences directed against the
16    Confederation or seriously affecting its interests, such as espionage, abuse of
     office by federal employees, and crimes involving explosives or radioactive
17    material.

18    The Office of the Attorney General is above all responsible for prosecutions
     and the provision of legal assistance in complex inter-cantonal and
19    international cases involving organised crime and terrorism, money
     laundering, corruption and white-collar crime.
20

21    The Attorney General, the two Deputy Attorney Generals and the federal
     attorneys conduct federal criminal proceedings in close cooperation with the
22    Federal Criminal Police in the Federal Office of Police and work under the
     supervision of the new Federal Criminal Court in Bellinzona, where they
23    also prosecute the criminal proceedings brought by them and the Federal
     Examining Magistrates.

24  website of the Swiss Federal Department of Justice and Police,

25  http://www.ejpd.admin.ch/ejpd/en/home/die_oe/organigramm_ejpd/strafverfolgungsbehoer

26  den/ba.html. By naming the "Federal Attorney General of Switzerland," the Plaintiffs are

27  taken as having intended to sue the Department of Justice and Police, which is an integral

28

1   part of the Swiss federal government.

2        Mr. Brent Holtkamp is a Federal Attorney employed by the Office of the Attorney

3   General. See Declaration of Brent Holtkamp in Support of Motion to Dismiss ("Holtkamp

4   Decl.") ¶ 2. Mr. Sautebin is a Federal Examining Magistrate. See Declaration of Gerard

5   Sautebin in Support of Motion to Dismiss ("Sautebin Decl.") ¶ 1.[2]

6        Taking the basic allegations of the Complaint as true, the Swiss Department of

7   Justice initiated a criminal investigation of Oliver Hilsenrath's activities for suspected

8   violations of Swiss law. Complaint ¶ 33; Holtkamp Decl. ¶ 6. Messrs. Holtkamp and

9   Sautebin have been involved in the Swiss investigation. Complaint ¶ 34. The Swiss

10  authorities froze the assets of Mr. Hilsenrath held in banks in Switzerland and sought

11  assistance from other countries. Complaint ¶ 56. The Swiss authorities briefly issued a

12  warrant for Mr. Hilsrenrath's arrest. Complaint ¶ 121.

13       Not expressly discussed in the Complaint but implicit in its description of the facts,

14  Mr. Hilsenrath was the subject of a U.S. federal criminal prosecution in this Court. On

15  July 9, 2007, this Court issued its Judgment finding Mr. Hilsenrath guilty of violating

16  15 U.S.C. section 78ff (securities fraud) and 26 U.S.C. section 7201 (tax evasion).

17  Case 3:03-cr-00213-WHA; Document 387.[3] Based on the Sentencing Memorandum dated

18  June 22, 2007 submitted by the United States in that case, Mr. Hilsenrath is obliged to

19  forfeit to the United States government as restitution all of the assets currently frozen in

20

21  _____

22  [2] In Switzerland, a civil law country, examining magistrates serve a function that can be
    considered roughly analogous to that of a grand jury in the United States. After a case is
23  referred by a prosecutor, the examining magistrate conducts his own investigation and
    presents the results, with his recommendations, back to the prosecutor. If the prosecutor
24  decides to proceed to court, he must rely on the investigative file of the examining
    magistrate. See Swiss Federal Law on Criminal Proceedings of June 15, 1934
25  (Bundesgesetz über die Bundesstrafrechtspflege), Articles 108, 113, 115. Exhibit 1 to
    Request for Judicial Notice.

26  [3] Exhibit 2 to the Request for Judicial Notice filed herewith. This Court issued a Judgment
    on July 10 finding Mr. Hilsenrath's co-defendant, David S. Klarman, guilty of violating
27  18 U.S.C. § 1831 (mail fraud). Case 3:03-cr-00213-WHA, Document 389. Exhibit 3 to
    the Request for Judicial Notice.

28

1    Switzerland and other countries at the request of Switzerland.  Case 3:03-cr-00213-WHA,

2    Documents 382 and 387, Exhibits 2 and 4 to the Request for Judicial Notice.

3         Plaintiffs purported to effect service through the Hague Convention of the Service

4    Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("The

5    Hague Convention"), 20 U.S.T. 1361,[4] by mailing the summons and Complaint, along with

6    a partial and incomprehensible translation into German of the Complaint, to the Swiss

7    Department of Justice and Police.  Case 3:07-cv-02782-WHA, Document 9; Declaration of

8    Ruth Reusser in Support of Motion to Dismiss ("Reusser Decl.") ¶ 3.  Because the

9    purported service did not comply with the requirements of the Hague Convention for lack

10   of translation and other reasons, the Swiss government returned the documents to Plaintiffs.

11   Letter of Swiss Ambassador to Oliver and Hana Hilsenrath, Case 3:07-cv-02782-WHA,

12   Document 12-3; Reusser Decl. ¶ 3.

13   **V.    ARGUMENT.**

14       **A.    Judgment Should Be Entered Where There Are No Issues of Material**
            **Fact and Movants Are Entitled to Judgment as a Matter of Law.**
15

16       Plaintiffs bear the burden of establishing both subject matter and personal

17   jurisdiction.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004);

18   United States v. Northrop Corp., 5 F.3d 407, 409 n.5 (9th Cir. 1993); see William W.

19   Schwarzer, A. Wallace Tashima & James M. Wagstaffe, FEDERAL CIVIL PROCEDURE

20   BEFORE TRIAL §§ 9:77, 9:113 (2007).  In fact, the court presumes a lack of subject matter

21   jurisdiction, unless the plaintiff can prove otherwise.  A-Z Int'l v. Phillips, 323 F.3d 1141,

22   1145 (9th Cir. 2003).  Further, when a defendant challenges subject matter jurisdiction, a

23   court does not need to presume the truthfulness of the plaintiff's allegations.  White v. Lee,

24   227 F.3d 1214, 1242 (9th Cir. 2000); Rosales v. United States, 824 F.d 799, 802 (9th Cir.

25   1987).

26   _____

27   [4] The Hague Convention is published as an appendix to Rule 4 and is Exhibit 5 to the
        Request for Judicial Notice.
28

Defendants' Motion to Dismiss
                                              Case No. C 07 2782 WHA

1    A court should grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules

2    of Civil Procedure where a plaintiff's complaint fails to provide the grounds of his

3    entitlement to relief. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964

4    (2007). As this Court has found,

> "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations, a plaintiff's obligation to provide the
> 'grounds' of his 'entitlement to relief' requires more than labels and
> conclusions, and a formulaic recitation of a cause of action's elements will
> not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65, 167 L.
> Ed. 2d 929 (May 21, 2007). "All allegations of material fact are taken as true
> and construed in the light most favorable to plaintiff. However, conclusory
> allegations of law and unwarranted inferences are insufficient to defeat a
> motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co.,
> 83 F.3d 1136, 1140 (9th Cir. 1996).

Textainer Equip. Mgmt (U.S.) Ltd. v. TRS Inc., 2007 U.S. Dist. LEXIS 47527, at ** 4-5

(N.D. Cal. 2007). "Factual allegations must be enough to raise a right to relief above the

speculative level. . . ." Bell Atlantic Corp., ___ U.S. ___, 127 S.Ct. at 1965. When, as

here, "the allegations in the complaint are not adequate to support the claim being asserted,

a judgment on the pleadings is a way to avoid wasteful litigation." Mirotznick v. Sensney,

Davis & McCormick, 658 F. Supp. 932, 935 (W.D. Wa. 1986).

Plaintiffs' Complaint fails to allege grounds that would entitle them to relief against

the Swiss Defendants, and indeed the allegations of the Complaint establish that this Court

lacks both subject matter jurisdiction over the claims and personal jurisdiction over the

defendants. Accordingly, the Complaint should be dismissed.

**B.    Service Has Not Properly Been Executed on the Defendants.**

Plaintiffs named the nation of Switzerland as the defendant in this lawsuit, and

therefore have filed an action against a "foreign state" for purposes of the FSIA. Subject

matter jurisdiction over a foreign state may be established solely pursuant to the FSIA.[5]

See Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993).

---

[5] See 28 U.S.C. § 1330(a) ("[t]he district courts shall have original jurisdiction [over] any
nonjury civil action against a foreign state [] as to any claim for relief in personam with
(continued...)

Defendants' Motion to Dismiss
Case No. C 07 2782 WHA

1    Pursuant to 28 U.S.C. section 1330(b), personal jurisdiction over a foreign state can

2    be established only where service has been made in accordance with the terms of 28 U.S.C.

3    section 1608(a).  An appearance by a foreign state does in itself confer personal

4    jurisdiction.  28 U.S.C. § 1330(c).

5    Section 1608(a) establishes alternative methods for service on a foreign state, as

6    follows:

7        Service in the courts of the United States and of the States shall be made
        upon a foreign state or political subdivision of a foreign state:
8
        (1) by delivery of a copy of the summons and complaint in accordance with
9        any special arrangement for service between the plaintiff and the foreign
        state or political subdivision; or
10
        (2) if no special arrangement exists, by delivery of a copy of the summons
11        and complaint in accordance with an applicable international convention on
        service of judicial documents; or
12
        (3) if service cannot be made under paragraphs (1) or (2), by sending a copy
13        of the summons and complaint and a notice of suit, together with a
        translation of each into the official language of the foreign state, by any form
14        of mail requiring a signed receipt, to be addressed and dispatched by the
        clerk of the court to the head of the ministry of foreign affairs of the foreign
15        state concerned; or

16        (4) if service cannot be made within 30 days under paragraph (3), by sending
        two copies of the summons and complaint and a notice of suit, together with
17        a translation of each into the official foreign language of the foreign state, by
        any form of mail requiring a signed receipt, to be addressed and dispatched
18        by the clerk of the court to the Secretary of State in Washington, District of
        Columbia, to the attention of the Director of Special Consular Services – and
19        the Secretary shall transmit one copy of the papers through diplomatic
        channels to the foreign state and shall send to the clerk of the court a
20        certified copy of the diplomatic note indicating when the papers were
        transmitted.
21
        In the case at hand, Plaintiffs did not meet any of the requirements of section
22
    1608(a).[6]  There was no special arrangement for service between Plaintiffs and the Swiss
23
    Defendants pursuant to subsection (a)(1) of Section 1608; the documents were not
24

25    (...continued)
        respect to which the foreign state is not entitled to immunity either under sections 1605-
26    1607 of this title or under any applicable international agreement.")

27    [6] Plaintiffs have also failed to comply with the requirements of Federal Rule of Civil
    Procedure 12(b)(5), which provides that a complaint may be dismissed on grounds of
    insufficiency of service of process.
28

1   dispatched by the clerk of the court with a translation into an official language of

2   Switzerland to the head of the Swiss Department of Foreign Affairs pursuant to

3   subsection (a)(3); and service was not made through diplomatic channels pursuant to

4   subsection (a)(4).  Plaintiffs purported to make an effort to send the Complaint to the Swiss

5   Defendants via the Hague Service Convention – an "applicable international convention"

6   within the meaning of subsection (a)(2) – but did not comply with the requirements of the

7   Convention.  Most significantly, the documents were not translated into an official language

8   of Switzerland.  See Reusser Decl. ¶ 3.  Plaintiffs also admittedly did not comply with other

9   requirements of the Convention:  The submission also was made directly by Plaintiffs to the

10  Swiss authorities rather than by a judicial officer or other authority, and included an

11  insufficient number of copies to serve all of the Swiss Defendants.  See Case 3-07-cv-0287-

12  WHA, Documents 12-2 and 12-3.  The Swiss Central Authority returned the documents to

13  Plaintiffs and did not serve them.  See Case 3-07-cv-0287-WHA, Document 12-3.

14  Plaintiffs have not attempted to cure the deficiencies in their service of the Summons and

15  Complaint, although given explicit notice of those deficiencies.  See id.

16          In Straub v. Green, 38 F.3d 448 (9th Cir. 1994), the Ninth Circuit adopted a

17  substantial compliance test for the FSIA, holding that, in the circumstances of that case, the

18  single defect in service of failing to have the documents dispatched by the clerk of the court

19  would not per se deprive the district court of jurisdiction.  Id. at 453.[7]  Nonetheless, Straub

20  did not suggest that the requirements of section 1608(a) could simply be ignored.  Indeed,

21  the Court stated that "[f]ailure to deliver a complaint in the correct language is such a

22

23  [7] Straub did not overrule Borzeka v. Heckler, 739 F.2d 444 (9th Cir. 1984), which in
24  applying Rule 4(d)(5) in a case involving service on the U.S. government, held that
    "failure to comply with Rule 4(d)(5)'s personal service requirement does not require
25  dismissal of the complaint if (a) the party that had to be served personally received actual
    notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is
26  a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be
    severely prejudiced if his complaint were dismissed." Id. at 447 (emphasis added).
27  Certainly at least the same test should be applied under the FSIA, and Plaintiffs have not
    presented a justifiable excuse for their failure to serve properly or a description of severe
28  prejudice if the complaint were dismissed on that basis.

1   fundamental defect that it fails both a 'strict compliance' test and a 'substantial compliance'

2   test.") *Id.*  Similarly, in <u>Berdakin v. Consulado De La Republica De El Salvador</u>, 912 F.

3   Supp. 458 (C.D. Cal. 1995), which applied <u>Straub</u>, the court found that the fact that the

4   governmental defendant had received actual notice to be insufficient, because the plaintiff

5   had not complied with section 1608:

6       But Berdakin's purported service is also afflicted with several other defects.
        First, as already noted, Berdakin did not comply with the translation
7       requirements.   Second, Berdakin did not effect service by a form of mail
        requiring a signed receipt. Third, Berdakin did not address the process to the
8       head of El Salvador's foreign affairs ministry or to the Secretary of State.   In
        fact, Berdakin did not comply with a single provision of section 1608.
9       Berdakin's purported service does not constitute minimal compliance with
        the mandates of the FSIA, much less "substantial compliance."
10
11  <u>Id.</u> at 467.

12      In this case, the failure to translate the documents alone fails the test for "substantial

13  compliance." Thus, because the Plaintiffs failed properly to serve Switzerland in

14  accordance with the mandatory requirements set forth in section 1608(a), this Court lacks

15  personal jurisdiction over Switzerland and this action should be dismissed pursuant to Rule

16  12(b)(2) and (5).

17      Although not necessary for the disposition of this motion, Switzerland observes that

18  customary international law, as interpreted by both Switzerland and the United States,

19  requires that a civil suit brought against Switzerland in the United States be served upon

20  Switzerland through diplomatic channels.[8]  Service on governments through diplomatic

21  channels is authorized by Article 9 of the Hague Convention (*see* Declaration of Dieter

22  Cavalleri in Support of Motion to Dismiss ¶ 3). Such service therefore would comply with

23  subsection 1608(a)(2), and moreover is expressly contemplated by subsection 1608(a)(4).

24      Switzerland emphasizes that in filing this motion it in no manner waives its

25  sovereign immunity.  Even if the Complaint was served properly and the Court acquired

26  [8] For evidence of the views of the United States on this issue, <u>see</u> Decl. of Dieter Cavelleri.
    Note that when not served by a foreign plaintiff through diplomatic channels, the United
27  States government rejects service entirely and returns the documents to the sender, just as
    the Swiss government did in this case. <u>Id.</u> Exhibit 1.
28

1    personal jurisdiction over Switzerland, Switzerland would assert its sovereign immunity

2    and this Court's lack of subject matter jurisdiction as a defense, as described further herein.

3        **C.**    **The Foreign Sovereign Immunities Act Requires Dismissal of this Suit.**

4        The FSIA is the sole basis of establishing subject-matter jurisdiction over a foreign

5    government. <u>Argentine Republic v. Amerada Hess Shipping Corp.</u>, 488 U.S. 428, 434

6    (1989); <u>Chuidian v. Philippine Nat'l Bank</u>, 912 F.2d 1095, 1100 (9th Cir. 1990). The FSIA

7    provides that ". . . [a foreign state] shall be immune from the jurisdiction of the courts of the

8    United States and of the States except as provided in sections 1605 to 1607 of this chapter."

9    28 U.S.C. § 1604. In <u>Security Pacific National Bank v. Derderian</u>, 872 F.2d 281, 285 (9th

10   Cir. 1989), the Ninth Circuit stated:

11           The FSIA presumes immunity. Jurisdiction is limited to cases in which the
        foreign state is not entitled to immunity either under one of the enumerated

12           exceptions contained in 28 U.S.C. §[§] 1605-1607 or under any applicable
        international agreement. If the claim does not fall within one of the

13           exceptions, the court cannot entertain the action and must dismiss the action
        against the foreign state for lack of jurisdiction.

14

15   (Citations omitted.) <u>See also</u> <u>Randolph v. Budget Rent-A-Car</u>, 97 F.3d 319, 323 (9th Cir.

16   1996) ("Federal jurisdiction does not attach until it is determined that the foreign sovereign

17   lacks immunity under the provisions of the FSIA.") When action is brought against a

18   foreign state, "the court must satisfy itself that one of the FSIA exceptions applies ... even

19   if the foreign state does not enter an appearance to assert an immunity defense." <u>Siderman</u>

20   <u>de Blake v. Republic of Argentina</u>, 965 F.2d 699, 706 (9th Cir. 1992), <u>cert. denied</u>, 507

21   U.S. 1017 (1993).

22       Because Plaintiffs do not and cannot allege any facts demonstrating that any of the

23   exceptions to the FSIA applies, all of Plaintiffs' claims against the Swiss Defendants should

24   be dismissed. In particular, the Swiss Defendants have not waived their sovereign

25   immunity; the action is not based on a commercial activity by the Swiss Defendants; no

26   property situated in the United States is at issue; the action is not one for money damages

27   for personal injury or death, or damage to or loss of property occurring in the United States;

28   and the action is not one to enforce an arbitration agreement between Plaintiffs and the

1   Swiss Defendants. See 28 U.S.C. § 1605(a). Further, the exception from immunity for tort

2   liability cannot apply when, as here, the claim is based on the performance of, or failure to

3   perform, a discretionary function. 28 U.S.C. § 1605(a)(5)(A).

4           1.      **The Commercial Activity Exception Does Not Apply.**

5           The Swiss Defendants' actions in investigating Mr. Hilsenrath

6   and freezing his assets do not constitute commercial activity subject to suit under the FSIA.

7   See Sautebin Decl. ¶¶ 3-4; Holtkamp Decl. ¶¶ 4-7. The FSIA defines "commercial

8   activity" as "either a regular course of commercial conduct or a particular commercial

9   transaction or act" and states that "[t]he commercial character of an activity shall be

10  determined by reference to the nature of the course of conduct or particular transaction or

11  act, rather than by reference to its purpose." 28 U.S.C. § 1603(d). In Saudi Arabia v.

12  Nelson, 507 U.S. 349, 350 (1993), the Supreme Court explained the distinction between a

13  state's public acts (jure imperii) and its private or commercial acts (jure gestionis), holding

14  that a foreign state engages in "commercial activity" when "it exercises 'only those powers

15  that can also be [so] exercised by private citizens,' as distinct from those 'powers peculiar

16  to [foreign] sovereigns.'" Id. at 1479 (quoting Republic of Argentina v. Weltover, Inc., 504

17  U.S. 607, 614 (1992)).

18          The actions taken by the Swiss Defendants involving the investigation of

19  Mr. Hilsenrath's activities in Switzerland and other countries, issuing a warrant for his

20  arrest, and freezing his assets are all classic examples of public acts (jure imperii), which

21  cannot be characterized as a "commercial activity" pursuant to the FSIA.

22          2.      **The Tortious Activity Exception Does Not Apply.**

23          Nor does the "tortious injury" exception in section 1605(a)(5) of the FSIA apply

24  here. For injuries to be actionable under this section, both the tort and the injury must occur

25  within the United States. Security Pac. Nat'l Bank v. Derderian, 872 F.2d at 285 n.8. See

26  also Olsen v. Government of Mexico, 729 F.2d 641, 646 (9th Cir. 1984), abrogated on other

27  grounds by United States v. S.A. Empresa de Viacao Aero Rio Grandense (Varig Airlines),

28

Defendants' Motion to Dismiss
                                          Case No. C 07 2782 WHA

1  467 U.S. 797, 104 S.Ct. 2755 (1984) (an entire tort must occur in the United States in order

2  for the tortious activity exception to apply); Cicippio v. Islamic Rep. of Iran, 30 F.3d 164,

3  168 (DC Cir. 1994) ("We have held that [the non-commercial torts] exception requires both

4  the tortious act as well as the injury occur in the United States"), cert. denied, 513 U.S.

5  1017 (1995).  Plaintiffs have not and cannot meet this pleading requirement, because the

6  impugned activities alleged by Plaintiffs to have been conducted by the Swiss Defendants

7  all took place in Switzerland.

8      Furthermore, in order for the "tortious activity" exception to apply, the actions

9  complained of must not have been discretionary on the part of the acting party.  Risk v.

10  Kingdom of Norway, 936 F.2d 393 (9th Cir. 1991) (Kingdom of Norway and two

11  Norwegian consular employees were immune under FSIA when assisting a Norwegian

12  citizen and her children in returning to Norway in violation of a California custody order).

13  In determining whether an action is discretionary, a two-pronged test is applied:

14      First, [the court] must determine whether the government employee had any
        discretion to act or if there was an element of choice as to appropriate
15      conduct.  Second, [the court] consider[s] whether the decisions were
        grounded in social, economic, and political policy, concentrating on the
16      nature of the conduct, rather than the status of the actor

17  Id. at 395 (quotation marks and citations omitted).  See also Olsen, 729 F.2d at 645

18  (discretionary function includes "those acts or decisions made at the policy-making or

19  planning level of government.  Those torts involving acts or omissions of a fundamentally

20  governmental nature are not actionable.")[9]

21      The Complaint itself states that the acts of the Swiss Defendants were pursuant to a

22  criminal investigation by the Swiss Government, obviously governmental in nature.  See

23  Complaint ¶¶ 33-34.  Enforcement of Swiss criminal law is plainly "grounded in social,

24

25

_____

26  [9] The term "discretionary" is defined under the FSIA in the same manner as it is defined
    under the Federal Tort Claims Act.  See 28 U.S.C. § 2680(a); Bibeau v. Pac Northwest
27  Research Found., Inc., 334 F.3d 942, 945 (9th Cir. 2003) (applying two-prong test to
    determine the applicability of the "discretionary" function exception).
28

1  economic and political policy." Thus, the actions of the Swiss Defendants were

2  discretionary within the meaning of the FSIA.

3       **3.  The "Property Taken in Violation of International Law"**
            **Exception Does Not Apply**

4

5       At footnote 3 of the Complaint, Plaintiffs apparently intended to refer to the

6  exception to immunity in subsection 1605(a)(3), which provides an exception in cases:

7       in which rights in property taken in violation of international law are in issue
        and that property or any property exchanged for such property is present in
        the United States in connection with a commercial activity carried on in the
8       United States by the foreign state; or that property or any property
        exchanged for such property is owned or operated by an agency or
9       instrumentality of the foreign state and that agency or instrumentality is
        engaged in a commercial activity in the United States ....

10

11 Assets frozen in connection with a legitimate criminal investigation are not "taken in

12 violation of international law." Moreover, the exception requires, in addition, that the

13 property, or property exchanged for it, be present in the United States in connection with a

14 commercial activity carried on in the United States by the foreign state. Plaintiffs have

15 alleged no facts that even remotely suggest that the Swiss government is using the assets in

16 a commercial activity in the United States.

17      Finally, Plaintiff Oliver Hilsenrath has forfeited all of the assets at issue to the

18 United States government as restitution, as part of the criminal judgment which has been

19 entered against him. See Exhibits 2 and 4 to Request for Judicial Notice. Plaintiffs

20 therefore cannot assert any type of property interest in the assets, other than as a collection

21 agent for the United States government.

22      **4.  Defendants Sautebin and Holtkamp Each Qualifies as an**
            **"Agency or Instrumentality" of the Government of Switzerland**
23          **and the Canton of Geneva Within the Meaning of the Foreign**
            **Sovereign Immunities Act.**

24

25      The FSIA makes immune not only a foreign national government but also an

26 "agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). In Chuidian v.

27 Philippine National Bank, 912 F.2d at 1102-06, the Ninth Circuit held that a foreign

28 government official, sued as an individual for actions taken in his official capacity, was an

- 13 -

1   "agency or instrumentality of a foreign state" as defined in 28 U.S.C. section 1603(b), and

2   thus immune from liability.  In this case, Plaintiffs have expressly sued Messrs. Sautebin

3   and Holtkamp individually for actions taken in their official capacities.  See, e.g.,

4   Complaint ¶ 42 ("Holtkamp and others, operating on behalf of the Swiss Confederation

5   ...."). Therefore, the claims against them must be analyzed in the same manner under the

6   FSIA as the claims against the Confederation of Switzerland and the Office of the Swiss

7   Federal Attorney General.

8          As explained above, because none of the exceptions to the FSIA is applicable, this

9   Court lacks jurisdiction over the claims against Defendants Sautebin and Holtkamp, and all

10   claims against them should be dismissed for lack of subject matter jurisdiction pursuant to

11   Rule 12(b)(1) and (6).

12          **D.    The Court Lacks Personal Jurisdiction over Defendants Sautebin and Holtkamp.**

13

14          Even if Defendants Sautebin and Holtkamp were not immune under the FSIA

15   (which they are), this Court lacks personal jurisdiction over them, and the Complaint

16   against them should be dismissed pursuant to Rule 12(b)(2).  Messrs. Sautebin and

17   Holtkamp are Swiss citizens, with their permanent residences in Geneva and Bern,

18   respectively.  The causes of action against them arise out of actions they allegedly took in

19   Switzerland in their official capacity as officials for the Government of Switzerland and

20   Canton of Geneva.  Neither Mr. Sautebin nor Holtkamp has engaged in any personal

21   business in California or the other States of the United States.  They did not commit any

22   tortious act within California, and certainly they have had no contacts with the State that

23   could be characterized as continuous or systematic.  See Sautebin Decl. ¶¶ 2-5; Holtkamp

24   Decl. ¶¶ 2-4.

25          Thus, Defendants Sautebin and Holtkamp lack the minimum contacts with

26   California to establish personal jurisdiction.  See Int'l. Shoe Co. v. Washington, 326 U.S.

27   310 , 316 (1945); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985) (no

28   personal jurisdiction unless "the defendant purposefully avails itself of the privilege of

1    conducting activities within the forum State, thus invoking the benefits and protections of

2    its laws.")

3    **E.    The Actions Of The Swiss Defendants Were Acts Of State Entitled To
           Deference.**

4

5    Even assuming for the sake of argument that this Court has subject-matter

6    jurisdiction over Plaintiffs' claims against the Swiss Defendants, the Act of State Doctrine

7    precludes U.S. courts from inquiring into the validity of the public acts of a sovereign

8    nation that are taken within that nation's own territory.  Banco Nacional de Cuba v.

9    Sabbatino, 376 U.S. 398, 401 (1964); Underhill v. Hernandez, 168 U.S. 250, 252 (1897).

10   The Supreme Court has explained that "[t]o permit the validity of the acts of one sovereign

11   state to be reexamined and perhaps condemned by the courts of another would very

12   certainly 'imperil the amicable relations between governments and vex the peace of

13   nations.'" Oetjen v. Central Leather Co., 246 U.S. 297, 304 (1918) (no citation for

14   quotation).  See RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW OF THE UNITED

15   STATES (1987) § 443, comment a.

16   The Ninth Circuit addressed a situation involving another Swiss asset freeze order in

17   Credit Suisse v. United States District Court, 130 F.3d 1342 (9th Cir. 1997), in which the

18   Court unequivocally held that a federal court could not interfere with a freeze on assets

19   ordered by the Swiss government.  The Court stated:

20       The injunction sought by the plaintiffs would compel the Banks to hold any
         assets of the Marcos Estate subject to the district court's further orders.  It is
21       clear that the district court plans on taking control of any Estate assets held
         by the Banks, even though those assets are currently frozen pursuant to
22       official orders of Swiss authorities.  Any order from the district court
         compelling the Banks to transfer or otherwise convey Estate assets would be
23       in direct contravention of the Swiss freeze orders.  Subjecting Estate assets
         held by the Banks to the district court's further orders would thus allow a
24       United States court to question and, in fact, "declare invalid the official act
         of a foreign sovereign." W. S. Kirkpatrick [& Co. v. Env'tl. Tectronics
25       Corp. Int'l], 493 U.S. [400,] 405 (1990). Issuance of the injunctive relief
         sought would therefore violate the act of state doctrine.

26   Id. at 1347.  The Court added:

27       United States courts are "bound to respect the independence of every other
         sovereign State," including Switzerland.  See Underhill [v. Hernandez], 168
28

Defendants' Motion to Dismiss
Case No. C 07 2782 WHA

1    U.S. 250[,] 252, 42 L. Ed. 456, 18 S. Ct. 83 [(1897)]. If the MDL plaintiffs
     want to contest the legality of the Swiss freeze orders, seek a declaration of
2    the validity of the Chinn assignment as against the Banks, or seek an
     injunction compelling the Banks to turn over the assets, they should do so
3    via the Swiss judicial system. See Miller v. United States, 955 F. Supp. 795,
     798 (N.D. Ohio 1996).

4

5    Id. at 1348. Here, the asset freeze not only was implemented under official order of the

6    Swiss government, the Complaint itself indicates that the asset freeze has been litigated in

7    Swiss judicial proceedings. See Complaint ¶¶ 115, 117, 119. In fact, the litigation resulted

8    in Swiss court rulings against Mr. Hilsenrath. Holtkamp Decl. ¶ 7. Defendants respectfully

9    submit that Credit Suisse is controlling and requires dismissal of this action.

10       In summary, because the investigation and enforcement actions taken in Switzerland

11   were public acts of a sovereign nation taken within its own territory pursuant to its own

12   laws, the Act of State Doctrine prohibits this Court from questioning the validity of those

13   actions.

14       **F.    The Swiss Defendants Could Not Violate Plaintiffs' U.S. Constitutional
                 Rights Through Actions Taken In Switzerland.**

15       Plaintiffs' claims are based on an assumption that the Swiss Defendants can be held

16   liable for violation of Plaintiffs' rights under the U.S. Constitution. That assumption is

17   incorrect. The Swiss Defendants did not act under authority of U.S. law or under the

18   direction of the U.S. government. Rather, the Swiss Defendants applied the requirements

19   of Swiss domestic law.

20       The acts of a foreign government within its own territory are not subject to the

21   limitations of the U.S. Constitution, including the Fourth, Fifth, Sixth and Fourteenth

22   Amendments. See Stonehill v. United States, 405 F.2d 738, 743 (9th Cir. 1968) ("Neither

23   the Fourth Amendment of the United States Constitution nor the exclusionary rule of

24   evidence, designed to deter Federal officers from violating the Fourth Amendment, is

25   applicable to the acts of foreign officials."), cert. denied, 395 U.S. 960 (1968), reh'g denied,

26   396 U.S. 870 (1968); Guinto v. Marcos, 654 F. Supp. 276, 278 (S.D. Cal. 1986) (plaintiffs'

27   First Amendment claim based on conduct occurring in the Philippines was not cognizable

28

1    because "[t]he United States Constitution does not apply to foreign officials acting within

2    their own territory").

3        In this context, it also bears re-emphasizing that Mr. Hilsenrath has forfeited all the

4    assets at issue to the United States government, and accordingly would have no rights to the

5    assets even if they were in the United States.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Motion to Dismiss
Case No. C 07 2782 WHA

1

2  **VI.     CONCLUSION.**

3          For the foregoing reasons, Defendants The Swiss Confederation, The Federal

4  Attorney of Switzerland, Gerard Sautebin and Brent Holtkamp respectfully request that this

5  Court dismiss with prejudice Plaintiffs' Complaint against them.

6          Dated:  August 6, 2007.

7                                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                           STEPHAN E. BECKER (*pro hac vice* application
8                                          pending)
                                           2300 N Street N.W.
9                                          Washington, D.C. 20037-1122

10                                         PILLSBURY WINTHROP SHAW PITTMAN LLP
                                           SHARON L. O'GRADY
11                                         50 Fremont Street
                                           Post Office Box 7880
12                                         San Francisco, CA  94120-7880

13
                                           By ____/s/ Sharon L. O'Grady_____
14                                                   Sharon L. O'Grady

15                                         Attorneys for Defendants
                                           THE SWISS CONFEDERATION, THE
16                                         FEDERAL ATTORNEY GENERAL OF
                                           SWITZERLAND, GERALD SAUTEBIN
17                                         AND BRENT HOLTKAMP

18

19

20

21

22

23

24

25

26

27

28

Defendants' Motion to Dismiss
Case No. C 07 2782 WHA