1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   STEPHAN E. BECKER (*pro hac vice* application pending)
2      Email: stephan.becker@pillsburylaw.com
   2300 N Street N.W.
3  Washington, D.C. 20037-1122
   Telephone:   (202) 663-8277
4  Facsimile:   (202) 663-8007

5  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SHARON L. O'GRADY (SBN 102356)
6      Email: sharon.ogrady@pillsburylaw.com
   50 Fremont Street
7  Post Office Box 7880
   San Francisco, CA 94120-7880
8  Telephone:   (415) 983-1198
   Facsimile:   (415) 983-1200
9
   Attorneys for Defendants
10 THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL
   OF SWITZERLAND, GERALD SAUTEBIN AND BRENT HOLTKAMP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVER HILSENRATH, ET AL., | Case No. C-07-2782-WHA |
| Plaintiffs, | E-Filing |
| v. | DECLARATION OF BRENT HOLTKAMP IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT (FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), (2), AND (6)) |
| THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL OF SWITZERLAND, GERARD SAUTEBIN, BRENT HOLTKAMP, | |
| Defendants. | Date:       September 13, 2007<br>Time:       8:00 a.m.<br>Courtroom: 9, 19th Floor<br>Judge:      The Hon. William H. Alsup |

I, <u>BRENT HOLTKAMP</u>, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, would and could competently testify to the truth thereof.

2. I am a Federal Attorney working in the Office of the Attorney General of Switzerland, located in Bern. My job is to investigate and prosecute violations of Swiss federal law. I have been a Federal Attorney since April 2002. I am a citizen of Switzerland and reside in Bern.

3. I have no investments in California or any other State of the United States, and I am not engaged in any private business in the United States.

4. In connection with my work as a Federal Attorney, I occasionally have communicated with various United States Attorney's Offices and the United States Department of Justice. Regarding the investigation of Oliver Hilsenrath, I had communications with officials of the United States Attorney's Office in San Francisco and the United States Department of Justice, and I traveled twice to San Francisco. I have had no other contacts with the United States, other than visits to meet U.S. Government officials in other matters relating to my job and for vacations.

5. I participated in two interviews of Mr. Hilsenrath conducted in Bern in 2005. Other than these interviews, I have never met Mr. Hilsenrath.

6. Since 2004, I and other Swiss officials have been conducting an investigation of potential violations of Swiss law by Mr. Hilsenrath, which involve crimes that were not disposed of by the U.S. criminal proceedings. During the course of the matter, I referred the investigation to the Federal Examining Magistrate in Geneva pursuant to the requirements of Article 108 of the Federal Law on Criminal Proceedings of 15 June 1934 and recently, also pursuant to the Federal Law on Criminal Proceedings, the Examining Magistrate returned the case to me with his findings.

7. Although the assets initially were frozen at the request of the United States, the decision not to unfreeze them was based on the status of the Swiss investigation, and

1  not on the status of the U.S. prosecution. Mr. Hilsenrath challenged the validity of the asset
2  freeze in the Swiss courts and the courts consistently ruled against him, in decisions that are
3  designated confidential because they involved a pending Swiss criminal investigation.
4      I declare under penalty of perjury under the laws of the United States that the
5  foregoing is true and correct.
6      Executed this 3rd day of August, 2007, at ___Bern___, Switzerland.

_____
Brent Holtkamp