1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   STEPHAN E. BECKER (*pro hac vice* application pending)
2    Email: stephan.becker@pillsburylaw.com
   2300 N Street N.W.
3  Washington, D.C. 20037-1122
   Telephone:    (202) 663-8277
4  Facsimile:    (202) 663-8007

5  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SHARON L. O'GRADY (SBN 102356)
6    Email:  sharon.ogrady@pillsburylaw.com
   50 Fremont Street
7  Post Office Box 7880
   San Francisco, CA 94120-7880
8  Telephone:    (415) 983-1198
   Facsimile:    (415) 983-1200
9
   Attorneys for Defendants
10 THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL
   OF SWITZERLAND, GERALD SAUTEBIN AND BRENT HOLTKAMP
11

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                     SAN FRANCISCO DIVISION

16  ───────────────────────────────
                                        )
17  OLIVER HILSENRATH, ET AL.,          )   Case No. C-07-2782-WHA
                                        )
18              Plaintiffs,             )   E-Filing
                                        )
19        v.                            )   REQUEST FOR JUDICIAL NOTICE
                                        )   IN SUPPORT OF MOTION OF
20  THE SWISS CONFEDERATION, THE        )   DEFENDANTS THE SWISS
    FEDERAL ATTORNEY GENERAL OF         )   CONFEDERATION, THE FEDERAL
21  SWITZERLAND, GERARD SAUTEBIN,       )   ATTORNEY GENERAL OF
    BRENT HOLTKAMP,                     )   SWITZERLAND, GERARD
22                                      )   SAUTEBIN, BRENT HOLTKAMP TO
              Defendants.               )   DISMISS COMPLAINT
23                                      )
                                        )   Date:       September 13, 2007
24                                      )   Time:       8:00 a.m.
                                        )   Courtroom:  9, 19th Floor
25  ───────────────────────────────    )   Judge:      The Hon. William H. Alsup

26

27

28

1    Defendants THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY

2    GENERAL OF SWITZERLAND, GERARD SAUTEBIN and BRENT HOLTKAMP

3    request, pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited

4    below, that the Court take judicial notice of the documents attached hereto as Exhibits 1

5    through 5.

6    <u>Exhibit 1:</u>    Swiss Federal Law on Criminal Proceedings of June 15, 1934

7                       (Bundesgesetz über die Bundesstrafrechtspflege), Articles 108-119

8                       (and unofficial translation of Articles 108, 113 and 115).

9    <u>Exhibit 2:</u>    Judgment in a Criminal Case, filed July 9, 2006, Case 3:03-cr-00213-

10                      WHA, Document 387.

11   <u>Exhibit 3:</u>    Judgment in a Criminal Case, filed July 11, 2006, Case 3:03-cr-

12                      00213-WHA, Document 389.

13   <u>Exhibit 4:</u>    United States' Sentencing Memorandum, filed June 22, 2006, Case

14                      3:03-cr-00213-WHA, Documents 382.

15   <u>Exhibit 5:</u>    Hague Convention of the Service Abroad of Judicial and

16                      Extrajudicial Documents in Civil and Commercial Matters ("The

17                      Hague Convention")

18   Generally, a court may not consider material outside the pleadings to decide a

19   Federal Rule of Civil Procedure 12(b)(6) motion. <u>Lee v. City of Los Angeles</u>, 250 F.3d

20   668, 688 (9th Cir. 2001). There are exceptions, however, to this rule when a court may

21   consider extrinsic evidence without converting the Rule 12(b)(6) motion to a motion for

22   summary judgment. Specifically, a court may take judicial notice of "matters of public

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO DISMISS
Case No. C 07 2782 WHA

1  record." Id. at 688-89. Each of the documents for which defendants seek judicial notice is

2  a document of public record.

3        Dated:  August 6, 2007.

4                                  PILLSBURY WINTHROP SHAW PITTMAN LLP
                                    STEPHAN E. BECKER (*pro hac vice* application

5                                  pending)
                                  2300 N Street N.W.

6                                  Washington, D.C. 20037-1122

7                                  PILLSBURY WINTHROP SHAW PITTMAN LLP
                                  SHARON L. O'GRADY

8                                  50 Fremont Street
                                  Post Office Box 7880

9                                  San Francisco, CA  94120-7880

10

11                              By    /s/ Sharon L. O'Grady
                                          Sharon L. O'Grady

12                                  Attorneys for Defendants
                                  THE SWISS CONFEDERATION, THE

13                                  FEDERAL ATTORNEY GENERAL
                                  OF SWITZERLAND, GERALD SAUTEBIN

14                                  AND BRENT HOLTKAMP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## II. Voruntersuchung

**Art. 108**

[1] Der Bundesanwalt beantragt bei dem zuständigen eidgenössischen Untersuchungs-richter die Voruntersuchung. Er bezeichnet in seinem Antrag die Person des Beschuldigten und die Tat, deren dieser beschuldigt wird. Er stellt dem Untersuchungsrichter die Akten über die Ermittlungen und die Beweisgegenstände zu.

[2] Der Bundesanwalt kann auch eine Untersuchung gegen unbekannte Täter beantragen.

**Art. 109**

Verfügt der Untersuchungsrichter die Voruntersuchung, so teilt er es der Beschwerdekammer mit.

**Art. 110**

[1] Hat der Untersuchungsrichter Bedenken gegen die Zulässigkeit einer Voruntersuchung, so holt er die Entscheidung der Beschwerdekammer ein. Die Beschwerdekammer entscheidet nach Anhörung des Bundesanwalts.

[2] Bei politischen Vergehen ist der Beschluss des Bundesrates auf Eröffnung einer Voruntersuchung verbindlich.

**Art. 111**

Der Untersuchungsrichter kann die Voruntersuchung von Amtes wegen oder auf Antrag des Bundesanwalts auf weitere Taten und Personen ausdehnen. Er hat die Ausdehnungsverfügung in den Akten zu begründen und dem Bundesanwalt sowie der Beschwerdekammer mitzuteilen.

**Art. 112**

Befindet sich der Beschuldigte ausser dem Bereich des Untersuchungsrichters, so kann dieser die Voruntersuchung mit Zustimmung des Bundesanwalts vorläufig einstellen. Bei Meinungsverschiedenheit entscheidet die Beschwerdekammer.

**Art. 113**

[1] Der Untersuchungsrichter stellt den Sachverhalt soweit fest, dass der Bundesanwalt entscheiden kann, ob Anklage zu erheben oder ob die Untersuchung einzustellen ist.

[2] Er sammelt die Beweismittel für die Hauptverhandlung.

Bundesstrafprozess

### Art. 114

[1] Das Protokoll wird den Personen, die an den Verhandlungen mitgewirkt haben, vorgelesen. Sie unterzeichnen es mit den Berichtigungen und Ergänzungen, die sie bei der Verlesung des Protokolls angebracht haben.

[2] Ergeben sich bei der Verlesung Zweifel über die Richtigkeit des Protokolls, so ist die Einvernahme zu wiederholen.

[3] Weigert sich jemand, das Protokoll zu unterschreiben, so ist die Weigerung und ihre Begründung anzumerken.

### Art. 115

[1] Der Beschuldigte, der Geschädigte und der Bundesanwalt können dem Untersuchungsrichter Untersuchungshandlungen beantragen.[1]

[2] Der Untersuchungsrichter entscheidet über die Anträge der Parteien.

### Art. 116

Der Bundesanwalt hat das Recht, die Akten einzusehen. Der Untersuchungsrichter gewährt dem Verteidiger und dem Beschuldigten Einsicht in die Untersuchungs-akten, soweit dadurch der Zweck der Untersuchung nicht gefährdet wird, dem Beschuldigten allenfalls unter Aufsicht.

### Art. 117

Der Beschuldigte darf, auch wenn er verhaftet ist, mit seinem Verteidiger mündlich und schriftlich verkehren. Ausnahmsweise kann der Untersuchungsrichter den Ver-kehr für bestimmte Zeit beschränken oder ausschliessen, wenn es der Zweck der Untersuchung erfordert.

### Art. 118

Der Untersuchungsrichter kann dem Bundesanwalt, dem Verteidiger und dem Geschädigten gestatten, bei der Einvernahme des Beschuldigten anwesend zu sein, sofern dadurch die Untersuchung nicht beeinträchtigt wird. Unter der gleichen Voraussetzung kann er den Parteien gestatten, Beweisaufnahmen beizuwohnen.

### Art. 119

[1] Findet der Untersuchungsrichter, der Zweck der Voruntersuchung sei erreicht, so bestimmt er den Parteien eine Frist, in der sie eine Ergänzung der Akten beantragen können. Er entscheidet über die Anträge.

[2] Die Parteien haben das Recht, die Akten vollständig einzusehen, der Beschuldigte allenfalls unter Aufsicht.

[1]  Fassung gemäss Anhang Ziff. 2 des Opferhilfegesetzes vom 4. Okt. 1991, in Kraft seit
1. Jan. 1993 (SR **312.5**).

2

UNOFFICIAL TRANSLATION

Art. 108

1  The Attorney General of Switzerland asks the competent federal examining magistrate to open the preliminary investigation.  In his application, he shall designate the person who is accused and the offense of which he is accused.  He shall forward to the examining magistrate the records of the investigations and the evidence.

2  The Attorney General of Switzerland may also ask for an investigation to be opened against unknown perpetrators.

Art. 113

1  The examining magistrate establishes the facts of the case to the extent that the Attorney General of Switzerland can decide whether to indict or whether the investigation should be stopped.

2  He gathers the evidence for the trial.

Art. 115

1  The accused, the injured party and the Attorney General of Switzerland can apply to the examining magistrate for judicial investigative acts.

2  The examining magistrate decides on the applications of the parties.

# EXHIBIT 2

AO 245B (Rev. 6/05 - Judgment in a Criminal Case)

# United States District Court
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>OLIVER HILSENRATH | **JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number: CR-03-00213-001 WHA<br>BOP Case Number: DCAN303CR000213-001<br>USM Number:<br>Defendant's Attorney : Olliver Hilsenrath (pro se) |

## THE DEFENDANT:

[x]    pleaded guilty to count(s): <u>Nine and Twelve of the Fourth Superseding Indictment</u> .
[ ]    pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 U.S.C. § 78ff | SECURITIES FRAUD | | NINE |
| 26 U.S.C. § 7201 | INCOME TAX EVASION | | TWELVE |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on count(s) ___ .

[x]    Count(s) <u>one though eight, ten, eleven, thirteen and fourteen of the Fourth Superseding Indictment</u> are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

July 9, 2007
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable William Alsup, United States District Judge
Name & Title of Judicial Officer

July 9, 2007
Date

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case - Probation

| | | |
|---|---|---|
| DEFENDANT: | OLIVER HILSENRATH | Judgment - Page 2 of 6 |
| CASE NUMBER: | CR-03-00213-001 WHA | |

# PROBATION

The defendant is hereby sentenced to probation for a term of  5 years . This term consists of 5 years on each of Counts Nine and Twelve, all such terms to run concurrently.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

[x]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[x]    The defendant shall cooperate in the collection of DNA as direct as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as direct by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well with any additional conditions in this judgment.

Any appearance bond filed on behalf of the defendant is hereby exonerated.

# STANDARD CONDITIONS

1)   The defendant shall not leave the judicial district without permission of the court or probation officer;
2)   The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   The defendant shall support his or her dependants and meet other family responsibilities;
5)   The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case - Probation

DEFENDANT:      OLIVER HILSENRATH                          Judgment - Page 3 of 6
CASE NUMBER:    CR-03-00213-001 WHA

## SPECIAL CONDITIONS OF PROBATION

1) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons and shall not be present in a vehicle where the defendant knows any firearm or ammunition is present.

2) The defendant shall participate in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of 12 months. The defendant shall pay the cost of monitoring at the prevailing rate unless it is determined by the probation officer that he has an inability to pay. A co-payment amount will then be determined by the probation officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and submit to drug or alcohol testing as directed by the probation officer.

3) Unless directed in writing otherwise, the defendant shall check his voicemail and/or answering machine on a daily basis to determine if any instructions were left by the probation officer. The defendant shall follow all such instructions, including but not limited to drug testing.

4) The defendant shall pay any restitution and special assessment that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

5) The defendant shall provide the probation officer access to any requested financial information, including tax returns, and shall authorize the probation office to conduct credit checks and obtain copies of income tax returns.

6) The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

7) The defendant shall not maintain a position of fiduciary capacity without the prior permission of the probation officer.

8) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9) The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:    OLIVER HILSENRATH                Judgment - Page 4 of 6
CASE NUMBER:    CR-03-00213-001 WHA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ 2,000.00 | $ 2,000,000 (approximately) |

[ ] The determination of restitution is deferred until ＿. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ _ | $ _ | |

[x] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     [ ] the interest requirement is waived for the    [ ] fine    [ ] restitution.

     [ ] the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:      OLIVER HILSENRATH                                    Judgment - Page 5 of 6
CASE NUMBER:    CR-03-00213-001 WHA

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ due immediately, balance due

   · [ ]  not later than _____, or

   [ ]  in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [x]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( x) F below); or

C  [ ]  Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [x]  Special instructions regarding the payment of criminal monetary penalties:

It is further ordered that the defendant shall pay to the United States a special assessment of $200, which shall be due immediately. If incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

It is further ordered that the defendant shall pay to the United States a fine of $2,000, which shall be due immediately. If incarcerate, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

It is further ordered that the defendant shall make all effort to repatriate all remaining money and assets presently held by the Swiss authorities or frozen by the Swiss authorities in other jurisdictions, which are estimated as approximately $2,000,000. This amount will be restitution money to the United States and Mr. Hilsenrath will cause such repatriate assets to be made to the Clerk of U.S. District Court 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:     OLIVER HILSENRATH                               Judgment - Page 6 of 6
CASE NUMBER:   CR-03-00213-001 WHA

monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT 3

AO 245B (Rev. 6/05 - Judgment in a Criminal Case)

# United States District Court
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| DAVID SCOTT KLARMAN | USDC Case Number: CR-03-00213-002 WHA |
| | BOP Case Number: DCAN303CR000213-002 |
| | USM Number: |
| | Defendant's Attorney :Edward Swanson |

**THE DEFENDANT:**

[x]    pleaded guilty to count(s): <u>One of the Superseding Information</u> .
[ ]    pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | MAIL FRAUD | | ONE |

The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on count(s) ___.

[x]    Count(s) <u>Two of the Superseding Information</u> is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

July 10, 2007
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable William Alsup, U. S. District Judge
Name & Title of Judicial Officer

July 11, 2007
Date

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case - Probation

DEFENDANT:        DAVID SCOTT KLARMAN                    Judgment - Page 2 of 5
CASE NUMBER:      CR-03-00213-002 WHA

# PROBATION

The defendant is hereby sentenced to probation for a term of  3 years . This term consists of 3 years on Count One.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

[x]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[x]    The defendant shall cooperate in the collection of DNA as direct as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as direct by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well with any additional conditions in this judgment.

Any appearance bond filed on behalf of the defendant is hereby exonerated.

# STANDARD CONDITIONS

1)    The defendant shall not leave the judicial district without permission of the court or probation officer;
2)    The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    The defendant shall support his or her dependants and meet other family responsibilities;
5)    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case - Probation
_____

DEFENDANT:        DAVID SCOTT KLARMAN                          Judgment - Page 3 of 5
CASE NUMBER:      CR-03-00213-002 WHA

## SPECIAL CONDITIONS OF PROBATION

1) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons and shall not be present in a vehicle where the defendant knows any firearm or ammunition is present.

2) The defendant shall pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of probation.

3) The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

4) The defendant shall not have contact with any co-defendant, in this case namely, Oliver Hilsenrath.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:    DAVID SCOTT KLARMAN                    Judgment - Page 4 of 5
CASE NUMBER:    CR-03-00213-002 WHA

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[ ]   The determination of restitution is deferred until  _.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ _ | $_ | |

[ ]   Restitution amount ordered pursuant to plea agreement $ _

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ]   the interest requirement is waived for the    [ ] fine    [ ] restitution.

    [ ]   the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:      DAVID SCOTT KLARMAN                            Judgment - Page 5 of 5
CASE NUMBER:    CR-03-00213-002 WHA

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as
follows:

A    [x]  Lump sum payment of $100.00 due immediately, balance due

     [ ]   not later than _____, or

     [ ]   in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B    [ ]   Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C    [ ]   Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months
           or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]   Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months
           or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision;
           or

E    [ ]   Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release
           from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability
           to pay at that time; or

F    [ ]   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal
monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made
through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties
imposed.

     [ ]   Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

[ ]   The defendant shall pay the cost of prosecution.
[ ]   The defendant shall pay the following court cost(s):
[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community
restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT 4

1   SCOTT N. SCHOOLS (SC 9990)
    United States Attorney
2
    MARK L. KROTOSKI (CSBN 138549)
3   Chief, Criminal Division

4   LAUREL BEELER (CSBN 187656)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102
        Telephone: (415) 436-6765
7       Facsimile: (415) 436-7234
        E-mail:   laurel.beeler@usdoj.gov
8
    Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,      )   No. CR 03 213 WHA
                                    )
14        Plaintiff,                )
                                    )
15        v.                        )   UNITED STATES' SENTENCING
                                    )   MEMORANDUM
16  OLIVER HILSENRATH,              )
                                    )   DATE:    July 9, 2007
17        Defendant.                )   TIME:    2:00 p.m.
                                    )   COURT:   Judge Alsup
18  _____ )

19        Oliver Hilsenrath has pleaded guilty pursuant pursuant to Federal Rule of Criminal Procedure

20  11(c)(1)(C) to one count of securities fraud in violation of 15 U.S.C. § 78ff and one count of tax

21  evasion in violation of 26 U.S.C. § 7201.  The parties and the probation officer agree that his

22  final offense level is 10, his criminal history category is I, and his Guidelines range is 6 to 12

23  months in Zone B of the Sentencing Guidelines.  The parties and the probation officer also agree

24  that the appropriate sentence is five years' probation with 12 months' home detention to be

25  served as a condition of probation, a $100 special assessment as to each count, and restitution in

26  the form of repatriation of assets as discussed below.

27              I. GUIDELINES CALCULATIONS AND OFFENSE CONDUCT

28        In the plea agreement, the parties set forth the following Guidelines calculations, and the

1    Probation Officer agrees with the calculations.

2          Securities Fraud

3               a.    Base Offense Level, U.S.S.G. § 2J1.2:                        12

4               b.    Acceptance of Responsibility:                               -2

5               c.    Adjusted Offense Level                                      10

6          Tax Evasion

7               a.    Base Offense Level, U.S.S.G. § 2T1.1(a)(1):                 12

8               b.    Acceptance of Responsibility:                               -2

9               c.    Adjusted Offense Level                                      10

10        Combined Final Offense Level:*                                          10

11        Criminal History Category:                                             I

12        Range:                                                         6 to 12 mos.

13        *Because the offenses involve the same course of conduct involving the same kind of
         harm, the counts group into a single group.

14

15                    II. THE COURT SHOULD ACCEPT THE PLEA AGREEMENT

16         The sentence is a fair one, not only under the Guidelines, but also considering the factors set

17   forth in 18 U.S.C. § 3553(a).  Those factors include the nature and circumstances of the offense,

18   the history and characteristics of the defendant, and the need for the sentence to reflect the

19   seriousness of the offense, to promote respect for the law, to provide just punishment, to afford

20   deterrence, and to provide the defendant with needed educational or vocational training or other

21   corrective treatment in the most effective manner.

22         The United States agrees that the facts set forth in the plea agreement and in the Presentence

23   Report fairly reflect Mr. Hilsenrath's conduct in the case.  The United States also notes that Mr.

24   Hilsenrath has been cooperative about his assets, particularly since he began representing

25   himself.  Under the circumstances, and considering the advisory Guidelines and section 3553(a),

26   the sentence is appropriate, and the United States asks the Court to accept the plea agreement and

27   impose it.

28

UNITED STATES' SENTENCING MEMORANDUM
(CR 03 213 WHA)                                    2

1

III. RESTITUTION

2       In the parties' plea agreement, Mr. Hilsenrath agreed to restitution in the form of repatriation

3   of all remaining money and assets presently held by the Swiss authorities or frozen by the Swiss

4   authorities in other jurisdictions, which he estimated then as approximately $2,000,000.

5

IV. CONCLUSION

6       The United States asks the Court to accept the plea agreement and impose the recommended

7   sentence.

8   DATED: June 22, 2007                        Respectfully submitted,

9                                               SCOTT N. SCHOOLS
                                                United States Attorney
10

11                                                  /s Laurel Beeler
                                                LAUREL BEELER
12                                              Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 5

Go to the Service Section

(In the relations between the Contracting States, this Convention replaces
the first chapter of the Convention on civil procedure of 1 March 1954)

CONVENTION ON THE SERVICE ABROAD
OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS
IN CIVIL OR COMMERCIAL MATTERS

*(Concluded 15 November 1965)*
*(Entered into force 10 February 1969)*

The States signatory to the present Convention,
Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall
be brought to the notice of the addressee in sufficient time,
Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting
the procedure,
Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

*Article 1*
The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to
transmit a judicial or extrajudicial document for service abroad.
This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I – JUDICIAL DOCUMENTS
*Article 2*
Each Contracting State shall designate a Central Authority which will undertake to receive requests for service
coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.
Each State shall organise the Central Authority in conformity with its own law.

*Article 3*
The authority or judicial officer competent under the law of the State in which the documents originate shall
forward to the Central Authority of the State addressed a request conforming to the model annexed to the present
Convention, without any requirement of legalisation or other equivalent formality.
The document to be served or a copy thereof shall be annexed to the request. The request and the document shall
both be furnished in duplicate.

*Article 4*
If the Central Authority considers that the request does not comply with the provisions of the present Convention

it shall promptly inform the applicant and specify its objections to the request.

*Article 5*
The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
*a)* by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
*b)* by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.
Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.
If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

*Article 6*
The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.
The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.
The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.
The certificate shall be forwarded directly to the applicant.

*Article 7*
The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.
The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

*Article 8*
Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.
Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

*Article 9*
Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.
Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

*Article 10*
Provided the State of destination does not object, the present Convention shall not interfere with –
*a)* the freedom to send judicial documents, by postal channels, directly to persons abroad,
*b)* the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of

judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

### Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

### Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by-

a) the employment of a judicial officer or of a person competent under the law of the State of destination,

b) the use of a particular method of service.

### Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

### Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

### Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled-

a) the document was transmitted by one of the methods provided for in this Convention,

b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

*Article 16*

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –

*a)* the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and

*b)* the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.

This Article shall not apply to judgments concerning status or capacity of persons.

## CHAPTER II – EXTRAJUDICIAL DOCUMENTS
*Article 17*

Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

## CHAPTER III – GENERAL CLAUSES
*Article 18*

Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.

The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.

Federal States shall be free to designate more than one Central Authority.

*Article 19*

To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

*Article 20*

The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with –

*a)* the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,

*b)* the language requirements of the third paragraph of Article 5 and Article 7,

*c)* the provisions of the fourth paragraph of Article 5,

*d)* the provisions of the second paragraph of Article 12.

*Article 21*

Each Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following –

*a)* the designation of authorities, pursuant to Articles 2 and 18,

*b)* the designation of the authority competent to complete the certificate pursuant to Article 6,

*c)* the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of –
*a)* opposition to the use of methods of transmission pursuant to Articles 8 and 10,
*b)* declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,
*c)* all modifications of the above designations, oppositions and declarations.

*Article 22*
Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.

*Article 23*
The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.
These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

*Article 24*
Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

*Article 25*
Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.

*Article 26*
The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

*Article 27*
The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

*Article 28*
Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.
In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

*Article 29*

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands. The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

*Article 30*

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

*Article 31*

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following –

*a)* the signatures and ratifications referred to in Article 26;

*b)* the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;

*c)* the accessions referred to in Article 28 and the dates on which they take effect;

*d)* the extensions referred to in Article 29 and the dates on which they take effect;

*e)* the designations, oppositions and declarations referred to in Article 21;

*f)* the denunciations referred to in the third paragraph of Article 30.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

N.B. On 25 October 1980 the Fourteenth Session adopted a Recommendation *on information to accompany judicial and extrajudicial documents to be sent or served abroad in civil or commercial matters (Actes et documents de la Quatorzième session (1980)*, Tome I, *Matières diverses*, p. I-67; *idem*, Tome IV, *Entraide judiciaire*, p. 339; *Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters).*

ANNEX TO THE CONVENTION

Active Model Forms (Request, Certificate, Summary)