1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   STEPHAN E. BECKER (*pro hac vice* application pending)
2     Email: stephan.becker@pillsburylaw.com
   2300 N Street N.W.
3  Washington, D.C. 20037-1122
   Telephone:   (202) 663-8277
4  Facsimile:   (202) 663-8007

5  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SHARON L. O'GRADY (SBN 102356)
6     Email: sharon.ogrady@pillsburylaw.com
   50 Fremont Street
7  Post Office Box 7880
   San Francisco, CA 94120-7880
8  Telephone:   (415) 983-1198
   Facsimile:   (415) 983-1200
9
   Attorneys for Defendants
10 THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL
   OF SWITZERLAND, GERARD SAUTEBIN AND BRENT HOLTKAMP
11

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                        SAN FRANCISCO DIVISION

16

| | |
|---|---|
| OLIVER HILSENRATH, ET AL., | No. C-07-2782-WHA |
| Plaintiffs, | E-Filing |
| v. | MOTION OF DEFENDANTS THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL OF SWITZERLAND, GERARD SAUTEBIN, AND BRENT HOLTKAMP TO STRIKE PLAINTIFFS' REQUEST TO CLERK TO ENTER DEFAULT |
| THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL OF SWITZERLAND, GERARD SAUTEBIN, BRENT HOLTKAMP, | |
| Defendants. | |
| | Date:      September 13, 2007 |
| | Time:      8:00 a.m. |
| | Courtroom: 9, 19th Floor |
| | Judge:     The Hon. William H. Alsup |

**NOTICE OF MOTION AND MOTION TO PLAINTIFFS HANA HILSENRATH, OLIVER HILSENRATH, NAMA HILLSENRATH, LIOR HILSENRATH, ELLA HOPE HILSENRATH, ISAIAH BENJAMIN HILSENRATH, SAUL NATHANIEL HILSENRATH, AND THE LIVING TRUST OF MELANIE AND ANDRE HILSENRATH, IN PROPRIA PERSONA:**

PLEASE TAKE NOTICE that on September 13, 2007, at 8:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable William Alsup, defendants **THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL OF SWITZERLAND, GERARD SAUTEBIN** and **BRENT HOLTKAMP** (collectively, the "Swiss Defendants") will bring on for hearing this motion to strike Plaintiff's Request to Clerk to Enter Default. The grounds for this motion are as follows: (i) the request fails to establish as required by Federal Rule of Civil Procedure 55(a) that The Swiss Defendants failed to timely respond to the complaint because the Plaintiffs' own submissions to this Court establish that Plaintiffs have not served the Swiss Defendants with the summons and complaint; (ii) assuming for argument's sake that Plaintiffs' bare statement that they served the complaint on the Swiss Defendants on June 4, 2007 is sufficient evidence of service, Plaintiffs' request for default was filed before the Swiss Defendant's time to respond would have expired; (iii) even if these other deficiencies were not present, entry of default is not appropriate in this case because the allegations of the complaint establish that this Court lacks subject matter jurisdiction over Plaintiffs' claims because the Swiss Defendants are immune under Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602, et seq., and further establish that Plaintiffs' claims are barred as a matter of law under the Act of State Doctrine; and (iv) as to defendants Gerard Sautebin and Brent Holtkamp, entry of default also is not appropriate because the Court lacks personal jurisdiction over these defendants. This motion is based on this notice of motion and motion, the memorandum set forth below, the motion to dismiss filed concurrently

herewith, the proposed order filed herewith, such further evidence and argument as may be presented to the Court on this motion, and all of the Court's files and records in this action.

The Swiss Defendants seek an order striking Plaintiffs' Request to Clerk to Enter Default.

## SUPPORTING MEMORANDUM

### I. ISSUES PRESENTED.

A. Whether a request for entry of default under Rule 55(a) of the Federal Rules of Civil Procedure[1] should be stricken where the affidavits and other material submitted by the Plaintiffs establish that the Swiss Defendants were not served in accordance with the requirements of the Foreign Sovereign Immunities Act.

B. Whether a request for entry of default under Rule 55(a) should be stricken where the request is filed before the Swiss Defendants' time to respond to the Complaint has expired.

C. Whether a request for entry of default should be stricken where the Court lacks subject matter over the case because the Swiss Defendants have sovereign immunity, and where the action is barred by the Act of State Doctrine.

D. As to Defendants Gerard Sautebin and Brent Holtkamp, whether a request for entry of default also should be stricken where the Court lacks personal jurisdiction over the individual Defendants.

### II. STATEMENT OF FACTS.

As described in further detail in the Swiss Defendant's motion to dismiss the Complaint, filed concurrently, Plaintiffs in this action have sued the federal government of the nation of Switzerland and two Swiss government officials. Plaintiffs have purported to serve the complaint under the Hague Convention of the Service Abroad of Judicial and

---

[1] Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil Procedure.

1  Extrajudicial Documents in Civil and Commercial Matters ("The Hague Convention").[2]

2  Under Article 6 of the Hague Convention, proof of service is evidenced by a certificate

3  issued by the Central Authority of the country in question. No certificate has been issued in

4  this case.

5        On July 18, 2007, Plaintiffs submitted to the Court a Status Report Re Letter from

6  Swiss Ambassador in the United States, which included a copy of the Ambassador's letter

7  and Plaintiffs' reply. Case 3:07-cv-02782-WHA, Documents 11, 12, 12-2, 12-3. These

8  materials establish that on July 5, 2007, in accordance with the provisions of Article 4 of

9  the Hague Convention, the Swiss Ambassador informed plaintiffs that their purported

10 service was ineffective under the Hague Convention, and that the papers were being

11 returned to plaintiffs. Letter of Swiss Ambassador to Oliver and Hana Hilsenrath, Case

12 3:07-cv-02782-WHA, Document 12-3. Instead of correcting the deficiencies in service that

13 had been specifically identified in the Ambassador's letter, Plaintiff's reply letter stated

14 their refusal to do so. Case 3:07-cv-02782-WHA, Document 12-2. On August 3, 59 days

15 later, plaintiffs filed the Request to Clerk to Enter Default ("Request"). The Request is

16 patently defective and should be stricken.

17 **III.    ARGUMENT.**

18     **A.    The Request Should Be Stricken Because Plaintiffs Have Not Shown By**

19           **Affidavit Or Otherwise That They Have Served Defendants With The**

20           **Complaint.**

21       Rule 12(a) provides that a defendant shall serve an answer or other response within

22 specified time periods after being served with the summons and complaint. Under 28

23 U.S.C. section 1608(d), foreign nations have 60 days after service of the summons and

24 complaint to file a responsive pleading. A defendant who has not been served with a

25 summons and complaint need not file an answer or other response.

26

---

27 [2] A copy of the Hague Convention is an appendix to Rule 4 and is Exhibit 5 to the Request
28 for Judicial Notice in Support of the Swiss Defendants' motion to dismiss.

Rule 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Plaintiffs filed no affidavit in support of their request for entry of default, but even if the Court were to consider Plaintiff's Status Report as appropriate support, that document does not include a certificate of service under Article 6 of the Hague Convention, and indeed establishes that the Swiss Defendants have not been served. Plaintiffs' attempt at service was patently defective. As discussed in detail in the Swiss Defendants' motion to dismiss, but apparent from the Status report itself, Plaintiffs failed to provide translations of the summons and other submitted documents (except for a partial and unintelligible translation of the Complaint), failed to effect service through a court or other official, and failed even to provide sufficient copies to serve each defendant. Plaintiffs have provided no justification for failing to make any attempt to correct those deficiencies and properly serve the Swiss Defendants. Accordingly, the Swiss Defendants' time for responding to the Complaint has not even commenced to run, much less expired.

Accordingly, Plaintiffs' Request does not comply with Rule 55(a) and should be stricken.

**B.    The Request for Entry of Default Should Be Stricken Because By Any Measure The Time For Defendants To Respond To the Complaint Had Not Passed.**

As discussed in Section A above, Plaintiffs' own court submissions establish that they have failed to serve the Complaint at all. However, even if Plaintiffs' claim that they served the Complaint on June 4 were correct, the request for default should be stricken because it was premature. Based on a June 4 service date, the Swiss Defendants would have 60 days to respond to the Complaint, or through August 3, 2007. Plaintiffs' August 3 filing was made before by Plaintiff's own measure the Swiss Defendants could be found in default.

### C. The Request For Entry Of Default Should Be Stricken Because This Court Lacks Subject Matter Over This Action And Because Plaintiffs' Action Is Barred By The Act Of State Doctrine.

The Court lacks subject matter jurisdiction over this action because the Swiss Defendants are immune from jurisdiction pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. ("FSIA"). Where as here defendants are a foreign state and its agents, the FSIA presumes immunity. Security Pac. Nat'l Bank v. Derderian, 872 F.2d 281, 285 (9th Cir. 1989). See Chuidian v. Philippine Nat'l Bank, 912 F.2d 1095, 1102-06 (9th Cir. 1990) (government officials sued as individuals for their official acts are immune under 28 U.S.C. section 1603(b)). Here, no exception to sovereign immunity exists.

In addition, the Act of State Doctrine precludes this Court from inquiring into the Swiss government's conduct of its criminal investigation of Oliver Hilsenrath, including its order freezing his assets. Credit Suisse v. United States Dist. Court, 130 F.3d 1342, 1347 (9th Cir. 1997).

These issues are discussed in detail in the Swiss Defendants' motion to dismiss, which discussion will not be repeated here. These bars to this Court's exercise of jurisdiction over this case provide a further and compelling basis for striking plaintiffs' Request.

### D. The Request For Entry Of Default Should Be Stricken As to Gerard Sautebin and Brent Holtkamp Because The Court Lacks Personal Jurisdiction Over Them.

As discussed in the Swiss Defendants' motion to dismiss, Messrs. Sautebin and Holtkamp lack minimum contacts with the United States and California to support the exercise of jurisdiction over them. They have no assets here or other contacts with this forum which would justify the exercise of personal jurisdiction over them. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985). The lack of personal jurisdiction over these individuals provides an independent basis for striking Plaintiffs' Request as to them.

**IV.  CONCLUSION.**

For the foregoing reasons, the Court should strike Plaintiffs' Request to Clerk to Enter Default.

Dated:  August 6, 2007.

                PILLSBURY WINTHROP SHAW PITTMAN LLP
                STEPHAN E. BECKER (*pro hac vice* application pending)
                2300 N Street N.W.
                Washington, D.C. 20037-1122

                PILLSBURY WINTHROP SHAW PITTMAN LLP
                SHARON L. O'GRADY
                50 Fremont Street
                Post Office Box 7880
                San Francisco, CA  94120-7880

By   /s/ Sharon L. O'Grady
          Sharon L. O'Grady

Attorneys for Defendants
THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL OF SWITZERLAND, GERALD SAUTEBIN AND BRENT HOLTKAMP