1  OLIVER HILSENRATH
   HANA HILSENRATH
2  822 Eastbrook Court
   Danville, CA 94506
3  Telephone:    (925) 212-6299
   Facsimile:    (925) 736-7571
4  Email: OHLX@SBCGLOBAL.NET

5  Plaintiffs *PRO SE*

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVER HILSENRATH, ET AL., ) | Case No. C-07-2782-WHA |
| Plaintiffs, ) | |
| v. ) | **PLAINTIFFS' CASE MANAGEMENT STATEMENT** |
| THE SWISS CONFEDERATION, et al, ) | |
| Defendants. ) | Date: Aug. 30, 2007<br>Time 3:00 PM<br>Place: Courtroom 9, 19th Floor<br>Judge: Hon. William H. Alsup |

**1. Jurisdiction and Service**

   i. On June 4, 2007 Defendants were properly served.

   ii. On July 5, Plaintiffs received a letter from the Swiss ambassador in the USA (1) reporting the receipt of documents and (2) stating unwillingness of the Swiss central authority to effect service on (3) Defendants' on assertion of immunity.

   iii. On August 3, 2007 - 60 days later – Plaintiffs filed a Request to the Clerk to enter default against Defendants.

   iv. On August 6, 2007 - three days later - Defendants filed a haphazard disarray of documents including *inter alia* a motion to oppose the entry of default and a motion to dismiss on lack of jurisdiction / insufficient service.

**2. Facts**

   i. Defendants collected, repossessed and confiscated Plaintiffs' assets in violation of US law, international law and Swiss law.

   ii. The only judicial finding about Plaintiffs' assets came from the US District Court and stated that the assets are legitimately earned and traded.

   iii. No Court ordered confiscation of Plaintiffs' assets.

   iv. Defendants issued an unlawful international arrest warrant for Oliver Hilsenrath knowing that he lives in the US and travels frequently to Israel to care for an ill parent.

   v. Defendants forced Oliver Hilsenrath to a 4-day long interrogation as a condition for removal of the arrest warrant.

   vi. Defendants then circulated the interrogation transcript to various Swiss and US agencies in violation of Hilsenrath's rights to remain silent.

   vii. Defendants interfered with commercial activities of the Plaintiffs and their business partners outside the borders of Switzerland.

   viii. Defendants never filed charges and never prosecuted any of the Plaintiffs.

1     ix.    Defendants inflicted damage on Hana Hilsenrath and her minor children who enjoy special protection under the laws of the State of California.

3     x.    Defendants breached their legal obligation to maintain the value of the assets.

5     xi.    Defendants never planned to return the confiscated assets.

6     xii.    The Executive Branch of the US Justice System already voiced its interest in exercising US jurisdiction over this case by petitioning this court for an order under Rule 65 of civil procedure.

9     xiii.    Under Rule 65, this Court ordered the release of Plaintiffs' assets.

10     xiv.    Defendants, Swiss officials, acted on a renowned Swiss practice of financial "scavenging" of potential victims. Defendants misjudged this as yet another case in which they can expropriate assets and there will be no one to claim them.

14     xv.    In numerous such cases, Swiss officials and instrumentalities were unable to evade the US courts.

16     xvi.    This present case is not about a proper financial investigation. This is a case of corrupt and unsupervised Swiss employees inflicting irreparable damage on California residents over a period of 3 years.

**3. Legal Issues:**

   **a. Service**

        i.    Service was effected by the applicable rules, and further notice was provided by a multitude of means.

        ii.    The law views service as a method to provide notice and favors fact over form.

   **b. Subject matter and personal jurisdiction**

        i.    The Swiss investigate so-called illegal conduct in the State of California.

1     ii.     The District court has already positioned itself as having subject matter jurisdiction when it twice issued orders pursuant to rule 65 of Civil Procedure to the Swiss persons involved.

    iii.     The "long arm doctrine" establishes personal jurisdiction over defendants. Defendants' conduct, albeit away from California, (1) caused harm in California, and (2) with an understanding and expectation that their conduct will cause harm in the state of California.

**c. Immunity**

    i.     Confiscation of assets is a Commercial Action and an exception to immunity. The Swiss confiscation is with purpose of self-enrichment. The proceeds of the confiscation go to the pocket of individual Swiss Cantons.

    ii.     Interference with commercial activity is likewise a Commercial Action and an exception to immunity.

    iii.     Confiscation without a Court order is in itself unlawful and an exception to immunity.

    iv.     The issuance of an unlawful arrest warrant to coerce improper testimony is also unlawful and an exception to immunity.

    v.     The Swiss have never filed charges therefore cannot claim immunity for prosecuting -- maliciously or otherwise.

    vi.     It is significant to note that no official in the Swiss government submitted an affidavit or any other statement in support of the actions of the two individual defendants.

    vii.     It is further significant to note the Swiss claim that the "Constitution does not apply to defendants".

**d. Special Note**

The US government and the District Court should take special notice at the Swiss government's assertion <u>that they are not obligated by the Constitution</u>.
Any time, therefore, when the US government or the Court either solicited or offered legal assistance from, or to, the Swiss government -- they *de facto* wrote off the United States Constitution and have *de facto* <u>denied the constitutional rights to litigants, like Oliver Hilsenrath, his family, and their business partners,</u>

**4. Motions**

   i. Defendants have filed a motion to dismiss, on grounds of insufficient service jurisdiction and immunity.

   ii. Pursuant to a Stipulation, Plaintiffs' opposition is due September 27,

   iii. Defendants' reply is due October 11, and the hearing is scheduled for October 25.

**5. Evidence Preservation**

   i. Plaintiffs have information that Defendants are selling and moving assets and funds from jurisdiction to jurisdiction for unclear purposes.

   ii. Plaintiffs will shortly move the court to issue a temporary restraining order (TRO) against the Swiss shuffling of assets in anticipation of the adjudication in Court.

**6. Disclosures**

Plaintiffs will move the court to order the Swiss to:

   i. Report on all assets ceased, confiscated, investigated and traded associated with Plaintiffs in the last 3 years including their source, their location, and all applicable records.

   ii. Report on the nature of their so-called investigation of so-called violations of Swiss Law and the connections to the confiscations of the last 3 years.

   iii. Plaintiffs believe that Defendants investigate nothing, and keep the remains of the confiscated assets for the sole purpose of leverage in this litigation.

**7. Relief:**

    i. Plaintiffs seek a total of $26.05 million, plus additional damages to be determined.

    ii. The Swiss assert immunity from execution of a judgment.

    iii. That immunity was overcome in numerous US litigations on Swiss "scavenging" of victims' assets.

**8. Consent to Magistrate Judge For All Purposes**

Plaintiffs do not oppose to have a magistrate judge conduct all further proceedings.

**9. Disclosure of non-party interested entities or persons:**

The US Department of Justice has a third party interest in this case pursuant to the settlement agreement in case 3:03 cr 00213 WHA USA v. Hilsenrath.

Dated: August 23, 2007

Respectfully submitted,

OLIVER HILSENRATH
Plaintiff *PRO SE*

    /s/ Oliver Hilsenrath

HANA HILSENRATH
Plaintiff *PRO SE*

    /s/ Hana Hilsenrath