1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   STEPHAN E. BECKER (admitted *pro hac vice*)
2     Email: stephan.becker@pillsburylaw.com
   2300 N Street N.W.
3  Washington, D.C. 20037-1122
   Telephone:   (202) 663-8277
4  Facsimile:   (202) 663-8007

5  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SHARON L. O'GRADY (SBN 102356)
6     Email: sharon.ogrady@pillsburylaw.com
   50 Fremont Street
7  Post Office Box 7880
   San Francisco, CA 94120-7880
8  Telephone:   (415) 983-1198
   Facsimile:   (415) 983-1200
9
   Attorneys for Defendants
10 THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL
   OF SWITZERLAND, GERALD SAUTEBIN AND BRENT HOLTKAMP
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVER HILSENRATH, ET AL., <br><br>         Plaintiffs, <br><br>    v. <br><br> THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL OF SWITZERLAND, GERARD SAUTEBIN, BRENT HOLTKAMP, <br><br>         Defendants. | Case No. C-07-2782-WHA <br><br> E-Filing <br><br> DEFENDANTS' FURTHER CASE MANAGEMENT STATEMENT <br><br> Date:       November 1, 207 <br> Time:       2:00 p.m. <br> Courtroom: 9, 19th Floor <br> Judge:      The Hon. William H. Alsup |

1   Defendants THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY
2   GENERAL OF SWITZERLAND, GERALD SAUTEBIN and BRENT HOLTKAMP
3   ("Defendants") submit this Further Case Management Statement.

4   1.   Jurisdiction and Service:  Defendants have filed a Motion to Dismiss for
5   failure to serve any of the Defendants, lack of subject matter and personal jurisdiction based
6   on the Foreign Sovereign Immunities Act, the absence of material contacts of Messrs.
7   Sautebin and Holtkamp with California and the United States, the Act of State Doctrine,
8   and failure to state a claim.  Defendants also filed a motion to strike Plaintiffs' Request to
9   Clerk to Enter Default, which motion was granted by order dated October 17, 2007.

10   2.   Facts:  Plaintiffs allege that Defendants conducted an investigation of certain
11   activities of Plaintiff Oliver Hilsenrath, issued a warrant for his arrest, froze his assets and
12   refused to release the assets when requested to do so by the U.S. government.  Defendants
13   agree and add that the assets in question were frozen in connection with a Swiss criminal
14   investigation of Plaintiff Oliver Hilsenrath's possible violations of Swiss law.

15   3.   Legal Issues:  Plaintiffs have alleged that Defendants violated their rights
16   under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.
17   Defendants have filed a Motion to Dismiss for failure to serve any of the Defendants, lack
18   of subject matter and personal jurisdiction based on the Foreign Sovereign Immunities Act,
19   the absence of material contacts of Messrs. Sautebin and Holtkamp with California and the
20   United States, the Act of State Doctrine, and failure to state a claim because the U.S.
21   Constitution does not apply to Defendants.

22   4.   Motions:  Defendants filed a motion to dismiss on August 6, 2007, described
23   above.  The Court has reset the hearing on this motion from October 25 to November 1.

24   5.   Amendment of Pleadings:  None currently expected.

25   6.   Evidence Preservation:  Not applicable.

26   7.   Disclosures:  Initial disclosure requirements of Fed. R. Civ. P. 26 are not
27   applicable in light of Motion to Dismiss.

28

- 2 -

8. <u>Discovery</u>: Discovery is not applicable in light of Motion to Dismiss.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: CR03-00213 WHA (*U.S.A. v. Hilsenrath, et al.*); C 03-03252 WHA (*Securities and Exchange Commission v. Hilsenrath, et al.*), and C07-05100 WHA (*Hilsenrath v. United States of America*).

11. <u>Relief</u>: Plaintiffs apparently seek a total of $26.05 million, plus additional damages to be determined. Defendants reject liability, and in any event pursuant to 28 U.S.C. § 1609, would be immune from execution of a judgment in Plaintiffs' favor.

12. <u>Settlement and ADR</u>: A settlement conference is scheduled before Magistrate Judge Spero on November 20, 2007. For the reasons set forth in Defendants' Motion to Dismiss, there are no prospects for settlement at this time.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Defendants do not consent to have a magistrate judge conduct all further proceedings.

14. <u>Other References</u>: The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: The parties have not agreed on a mechanism for narrowing the issues.

16. <u>Expedited Schedule</u>: Pending the Court's determination of the Motion to Dismiss, there are no proposals to expedite the schedule.

17. <u>Scheduling</u>: The hearing date on the Motion to Dismiss has been set by the Court for November 1, 2007 at 2:00 p.m.

18. <u>Trial</u>: Pursuant to 28 U.S.C. § 1330(a), the case would have to be tried to the court. Defendants expect the case to be dismissed and therefore there will be no trial.

19. <u>Disclosure of non-party interested entities or persons</u>:  Civil Local rule 3-16 is not applicable to Defendants, who are governmental entities.

Dated:  October 23, 2007.

PILLSBURY WINTHROP SHAW PITTMAN LLP
STEPHAN E. BECKER (admitted *pro hac vice*)
2300 N Street N.W.
Washington, D.C. 20037-1122

PILLSBURY WINTHROP SHAW PITTMAN LLP
SHARON L. O'GRADY
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880


By     /s/ Sharon L. O'Grady
              Sharon L. O'Grady

Attorneys for Defendants
THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL OF SWITZERLAND, GERALD SAUTEBIN AND BRENT HOLTKAMP