# EXHIBIT A

– Plea Agreement   [03-0213/Doc 366]

1  KEVIN V. RYAN (CASBN 118321)
   United States Attorney
2
   MARK L. KROTOSKI (CASBN 138549)
3  Chief, Criminal Division

4  LAUREL BEELER (CASBN 187656)
   Assistant United States Attorney
5
   450 Golden Gate Avenue, Box 36055
6  San Francisco, California 94102
   Telephone: (415) 436-6765
7  Facsimile: (415) 436-7234
   E-Mail: laurel.beeler@usdoj.gov
8
   Attorneys for the United States of America
9

FILED
FEB 6 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,          )   No. 03 213 WHA
                                       )
14         Plaintiff,                  )   PLEA AGREEMENT
                                       )
15         v.                          )
                                       )
16  OLIVER HILSENRATH,                 )
                                       )
17         Defendant.                  )
    _____)
18

19         I, Oliver Hilsenrath, and the United States Attorney's Office for the Northern District of

20  California (hereafter "the government") enter into this written plea agreement (the "Agreement")

21  pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

22  The Defendant's Promises

23         1.      I agree to plead guilty to counts nine and twelve of the fourth superseding

24  indictment charging me with securities fraud in violation of 15 U.S.C. § 78ff and tax evasion in

25  violation of 26 U.S.C. § 7201. I agree that the elements of the offense of securities fraud are as

26  follows: (1) I made or caused to be made untrue, false or misleading statements of material fact

27  in reports or documents required to be filed under the Securities and Exchange Act of 1934 and

28  the rules and regulations thereunder; and (2) I made or caused to be made these untrue, false or

PLEA AGREEMENT

misleading statements knowingly and willfully. I agree that the elements of the offense of tax evasion are as follows: (1) I owed more federal income tax for the calendar year 1998 than was declared on my income tax return; (2) I knew that more federal income tax was owed than was declared due on my income tax return; (3) I made an affirmative attempt to evade or defeat an income tax; and (4) in attempting to evade or defeat such additional tax, I acted willfully.

     I agree that the maximum penalties for securities fraud in violation of 15 U.S.C. § 78ff are as follows:

| | | |
|---|---|---|
| a. | Maximum prison sentence | 10 years |
| b. | Maximum fine | $1,000,000 |
| c. | Maximum supervised release term | 3 years |
| d. | Mandatory special assessment | $100 |
| e. | Restitution | |

     I agree that the maximum penalties for tax evasion in violation of 26 U.S.C. § 7201 are as follows:

| | | |
|---|---|---|
| a. | Maximum prison sentence | 5 years |
| b. | Maximum fine | $100,000 |
| c. | Maximum supervised release term | 3 years |
| d. | Mandatory special assessment | $100 |

     2.    I agree that I am guilty of the offenses to which I will plead guilty, and I agree that the following facts are true:

     From in or about August 1996 through in or about March 2000, I was the President, Chief Executive Officer (CEO), and Director of U.S. Wireless Corporation, which was headquartered in San Ramon, California, and which developed and sold location-based information and services. In or about March 2000, I stepped down as President and was appointed Chairman of the Board of Directors.

     U.S. Wireless Corporation was a publicly-traded company whose stock was registered with the Securities and Exchange Commission (SEC) and which was traded on the NASDAQ stock exchange. Under SEC regulations, I knew that, as CEO of U.S. Wireless, I could not make

PLEA AGREEMENT                               2

materially false and misleading statements and omissions to the company and its accountants in connection with the preparation of U.S. Wireless Corporation's Form 10-KSB annual reports that were filed with the SEC.

In fiscal year ending March 31, 1998, in order to avoid paying taxes, I sent $12,000 per month of my salary to an account at Matheson Bank (Jersey) Limited, which was located in Jersey (the Channel Islands) and which was in the name of Telecom Associates. I was the beneficial owner of Telecom Associates. I agree that, prior to the filing of the U.S. Wireless Corporation Form 10-KSB for fiscal year 1998, I did not disclose to U.S. Wireless Corporation's auditors that I had an ownership interest in Telecom Associates. By failing to disclose this fact, I caused U.S. Wireless Corporation to file a materially untrue, false, and misleading Form 10-KSB for the fiscal year ending March 31, 1998.

I sent a total of $144,000 to Telecom Associates in calendar year 1998. I did not report these taxable earnings on my federal income tax return, and thus I under-reported my income and thereby evaded taxes on the money that I sent to the Telecom Associates account. I agree that I owed more federal income tax for 1998 than was declared on my return, and I knew it at the time I signed and filed my return. For purposes of my guidelines calculations, I agree that the appropriate adjustment under the tax table in U.S.S.G. § 2T4.1 should be more than $23,500.

3.  I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.

4.  I agree to give up my right to appeal my convictions, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5.  I agree not to file any collateral attack on my convictions or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced.

PLEA AGREEMENT                              3

6. I agree not to ask the Court to withdraw my guilty pleas at any time after they are entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the government may withdraw from this Agreement if the Court does not accept the agreed upon sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out below, the statute of limitations shall be tolled from the date I signed the plea agreement until the date the Court does not accept the plea agreement.

7. I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

Securities Fraud

a. Base Offense Level, U.S.S.G. § 2J1.2:*          12

b. Acceptance of Responsibility: If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a two-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any pre-sentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

e. Adjusted offense level          10

*The parties agree that the appropriate guideline is 2J1.2, which is the guideline applicable to false statements.

Tax Evasion

a. Base Offense Level, U.S.S.G. § 2T1.1(a)(1)
(incorporating § 2T4.1)
§ 2T4.1(C) (tax loss more than $23,500):          12

b. Acceptance of responsibility: If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a two-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

c. Adjusted offense level          10

PLEA AGREEMENT          4

Grouping

Because the offenses involve the same course of conduct involving the same kind of harm, the parties agree that the counts group into a single group and that the combined final offense level is 10.

8. I agree that a reasonable and appropriate disposition of this case is as follows: a sentence of five years' probation with 12 months' home detention to be served as a condition of probation; other conditions of probation to be fixed by the Court; a $100 special assessment as to each count; and restitution in the form of repatriation of assets as follows. I agree that I will repatriate all remaining money and assets presently held by the Swiss authorities or frozen by the Swiss authorities in other jurisdictions, which I estimate as approximately $2,000,000. I will deposit the money in an escrow account with the Court pending further order of the Court distributing the assets. I will withdraw any claim to these assets and will file no further actions in the future concerning the funds. I understand that the United States will assign the assets to (a) my tax liability of approximately $1,211,681 and (b) disgorgement of salary and assets to be assigned for the benefit of U.S. Wireless.

I agree that I will make a good faith effort to pay the above fine or restitution as ordered by the Court. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release the above-mentioned funds and property under my control in order to pay the above fine or restitution. I agree to pay the special assessment at the time of sentencing.

9. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement,

PLEA AGREEMENT         5

1  including those set forth in paragraphs 12 through 14 below, but I will not be released from my
2  guilty pleas.
3      10.  I agree that this Agreement contains all of the promises and agreements between
4  the government and me, and I will not claim otherwise in the future.
5      11.  I agree that this Agreement binds the U.S. Attorney's Office for the Northern
6  District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

      12.  The government agrees to move to dismiss any open charges pending against the defendant in the captioned indictment at the time of sentencing.

      13.  The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment.

      14.  The government agrees that the reasonable and appropriate sentence in this case should be as set forth in paragraph 8 above, unless the defendant violates the Agreement as set forth in paragraphs 8 through 9 above or fails to accept responsibility.

The Defendant's Affirmations

      15.  I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

      16.  I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: Jan 31, 2007

OLIVER HILSENRATH
Defendant

KEVIN V. RYAN
United States Attorney

Dated: February 1, 2007

LAUREL BEELER
Assistant United States Attorney

PLEA AGREEMENT                6