# EXHIBITS B and C

-- Court orders re Swiss freeze [03-0213/Doc 203 and 309]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 03-0213 WHA |
| Plaintiff, | |
| v. | [PROPOSED] ORDER REGARDING THE SWISS AND EUROPEAN FREEZE OF OLIVER HILSENRATH'S FUNDS |
| OLIVER HILSENRATH, | |
| Defendant. | Hearing Date: August 21, 2006 |

This Court makes the following findings pursuant to Federal Rule of Civil Procedure 65:

1. In 2005, the federal government of the United States asked the government of Switzerland to freeze assets of Oliver Hilsenrath.

2. Almost all of the assets are attributable to the sale of 350,000 shares of U.S. Wireless stock that Oliver Hilsenrath acquired legitimately.

3. In response to an inquiry from the Swiss authorities, the U.S. government told the Swiss authorities that while the 350,000 shares of U.S. Wireless stock at issue were obtained legitimately, it believed that the shares may have been transferred in violation of U.S. securities laws (even though those securities law violations were not charged in the U.S. case.

4. After these American requests, Swiss investigating magistrates (or "prosecutors) wrote to other European jurisdictions. The Swiss investigating magistrates requested that Hilsenrath's assets

        in those European jurisdictions also be frozen.
5.      The United States federal government has now concluded that these frozen assets were not embezzled or stolen. The United States federal government has also concluded that these frozen assets were not the proceeds of a securities fraud offense. Thus, the United States withdrew its request to Switzerland to freeze assets.
6.      The continuing restraint of Hilsenrath's assets in Switzerland and Europe is preventing him from hiring the counsel of his choice. This is causing a significant delay of two large federal cases before this Court: the criminal prosecution, and a related S.E.C. civil case. This delay is very inconvenient to the Court and to the parties.

The Court accordingly holds the following:

1.      There was no probable cause to support the pretrial restraint of assets attributable to the 350,000 shares when the MLAT requests for a freeze were sent to Switzerland in 2005;
2.      The continued freeze requires, for some limited term, a continuance of the criminal trial to permit Hilsenrath to attempt to recover his assets and retain counsel;
3.      To the extent that the Swiss authorities' independent freeze of the assets is attributable to the Swiss authorities' conclusion that there are violations of U.S. law that justify Swiss money laundering charges, the Court respectfully requests the Swiss investigating magistrates to release the funds frozen at the request of the U.S. government. The Court further requests that the Swiss investigating magistrates withdraw their requests for freezes made to other European jurisdictions.

IT IS SO ORDERED.

August 21, 2006
Dated



WILLIAM ALSUP
United States District Court Judge

*Hilsenrath*, CR 03-0213 WHA
ORD. RE: FROZEN ASSETS                                  2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 03-0213 WHA |
| Plaintiff, ) | ORDER |
| v. ) | |
| OLIVER HILSENRATH, ) | |
| Defendant. ) | |

On August 21, 2006, the Court issued an order holding the following:

1. There was no probable cause to support the pretrial restraint of assets attributable to the 350,000 shares when the MLAT requests for a freeze were sent to Switzerland in 2005;

*      *      *

3. To the extent that the Swiss authorities' independent freeze of the assets is attributable to the Swiss authorities' conclusion that there are violations of U.S. law that justify Swiss money laundering charges, the Court respectfully requests the Swiss investigating magistrates to release the funds frozen at the request of the U.S. government. The Court further requests that the Swiss investigating magistrates withdraw their requests for freezes made to other European countries.

ORDER (CR 03 213 WHA)

1 | The United States has advised the Court that the Swiss authorities have suggested
2 | that because the Court's order is not a judicial decision such as a plea or a sentencing, it is
3 | not a final or sufficient order to release the frozen assets.
4 | The Court issues this order to clarify the following:
5 | 1. The U.S. government has investigated the matter of Mr. Hilsenrath's acquisition
6 | and sale of 350,000 shares of U.S. Wireless Corporation and has concluded that
7 | there are no violations of U.S. law other than tax evasion charges.
8 | 2. Accordingly, the U.S. government has decided not to bring charges about the
9 | 350,000 shares, except for the tax evasion charges.
10 | 3. The U.S. government informed the Swiss authorities that allegations in the MLAT
11 | requests – that the 350,000 shares were acquired unlawfully – were inaccurate.
12 | 4. The Court clarifies that there is no other mechanism (other than the issuance of this
13 | order) to pronounce on the propriety of the asset freeze. If the assets had been
14 | frozen in the United States, and the Court issued a similar order holding that there
15 | was no probable cause to freeze the assets, then the assets would have to be
16 | released and returned to Mr. Hilsenrath.
17 | 5. The Court asks the Swiss examining magistrates to deem its August 21, 2006,
18 | order a final order, not subject to any other judgment or plea.
19 | 6. Consequently, the Court reiterates its request to the Swiss authorities to release Mr.
20 | Hilsenrath's frozen funds and to withdraw their requests for freezes made to other
21 | European countries, to the extent that the Swiss authorities' freeze of assets is
22 | attributable to their mistaken conclusion that there are violations of U.S. law that
23 | justify Swiss money laundering charges.
24 | IT IS SO ORDERED.
25 | DATED: November 13, 2006
26 | WILLIAM H. ALSUP
    | United States District Judge

ORDER (CR 03 213 WHA)                    2