HANA HILSENRATH
OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
ohlx@sbcglobal.net

PLAINTIFFS *PRO SE*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH et al,<br>          **Plaintiffs,**<br>v.<br>THE SWISS CONFEDERATION et al,<br>          **Defendants.** | Case No. C-07-2782 WHA<br><br>**JUDICIAL NOTICE RE COURT ORDER DOC 432 - CASE 03-CR-00213WHA** |

The attached order is submitted as a matter of judicial notice.

The attached order, Doc 432 in the related case 03-cr-00213WHA, is the Court's order in response to plaintiffs' motion, Doc 52, in this current case.

Dated: November 7, 2007

Respectfully submitted,


_____/s_____                                                    _____/s_____
  HANA HILSENRATH                                                    OLIVER HILSENRATH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLIVER HILSENRATH,<br><br>Defendant.<br>_____ / | No. CR 03-00213 WHA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT RE DISMISS FINANCIAL COMMITMENTS AND VACATING HEARING** |

Defendant Oliver Hilsenrath moves to alter judgment and dismiss his financial commitments in Case No. CR 03-00213. For the reasons stated below, defendant's motion to alter judgment is **DENIED**, and the hearing is **VACATED**.

In February 2007, defendant entered into a plea agreement with the government. Under the terms of the agreement, he agreed to plead guilty to securities fraud and tax evasion. He also agreed to "repatriate all remaining money and assets presently held by the Swiss authorities or frozen by the Swiss authorities in other jurisdictions, which [he] estimate[d] as approximately $2,000,000. [He would] withdraw any claim to these assets and [would] file no further actions in the future concerning the funds" (CR 03-00213, Doc. 366).

Although the assets in Switzerland and other European nations may have been legitimately obtained by defendant, the Swiss authorities have yet to release its freeze on these assets. Consequently, defendant brought suit against the Swiss authorities in Case No. C 07-02782 for "unlawful seizure of assets." On October 23, 2007, this Court granted the Swiss

1 authorities' motion to dismiss on the grounds of lack of subject-matter jurisdiction; the Court
2 found that the Swiss authorities were immune from suit under the Foreign Sovereign
3 Immunities Act (C 07-02782, Doc. 50).

Defendant now claims that the Court's October 23 order contradicted the Court's former orders premised on the legitimacy of the assets. The new order "in fact de-legitimized the Hilsenrath family's assets held by the Swiss" (Br. 2). He further argues that, under the terms of the plea agreement, he only agreed to pay restitution out of legitimate funds. Because he never agreed to "criminal forfeiture of legitimate assets," he claims that his financial obligations should be dismissed.

This order finds defendant's argument has no merit and agrees with the government's response, set forth in Case No. CR 03-00213, Doc. 413. *First*, any dispute defendant has with the Swiss authorities over the freezing of his assets cannot be resolved here, as discussed in this Court's October 23 order. The order did *not* legitimize the Swiss seizure of his assets; the order merely said that the Court lacked subject-matter jurisdiction over the suit. This had no bearing on defendant's obligation to pay the two million dollars in fines and taxes. *Second*, defendant cannot escape the obligation to pay restitution pursuant to the plea agreement simply by arguing that he did not agree to the criminal forfeiture of legitimate funds. There is no such forfeiture. The Swiss authorities could first transfer the funds directly to defendant, who could then transfer the agreed-upon amount to the United States. Or, defendant could direct the foreign banks to transfer the funds directly to the United States. Defendant need not agree to a forfeiture. *Third*, the Court cannot hear defendant's challenge to the restitution order because he waived his right to appeal his sentence — which includes restitution.

For the foregoing reasons, defendant's motion to alter judgment is **DENIED** and the hearing date on November 20, 2007, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: November 7, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3