IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH, OLIVER HILSENRATH, NAMA HILSENRATH, LIOR HILSENRATH, ELLA HOPE HILSENRATH, ISAIAH BENJAMIN HILSENRATH, SAUL NATHANIEL HILSENRATH, and THE LIVING TRUST OF MELANIE AND ANDRE HILSENRATH, <br><br> Plaintiffs, <br><br> v. <br><br> THE SWISS CONFEDERATION, THE FEDERAL ATTORNEY GENERAL OF SWITZERLAND, GERARD SAUTEBIN, BRENT HOLTKAMP, and DOES 1–10, <br><br> Defendants. | No. C 07-02782 WHA <br><br> **ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT RE DISMISS FINANCIAL COMMITMENTS** |

Defendant Oliver Hilsenrath moves to alter judgment and dismiss his financial commitments in Case No. CR 03-00213. For the reasons stated below, defendant's motion to alter judgment is **DENIED**.

In February 2007, defendant entered into a plea agreement with the government. Under the terms of the agreement, he agreed to plead guilty to securities fraud and tax evasion. He also agreed to "repatriate all remaining money and assets presently held by the Swiss authorities or frozen by the Swiss authorities in other jurisdictions, which [he] estimate[d] as approximately $2,000,000. [He would] withdraw any claim to these assets and [would] file no further actions in the future concerning the funds" (CR 03-00213, Doc. 366).

1    Although the assets in Switzerland and other European nations may have been
2  legitimately obtained by defendant, the Swiss authorities have yet to release its freeze on these
3  assets.  Consequently, defendant brought suit against the Swiss authorities in Case No. C 07-
4  02782 for "unlawful seizure of assets." On October 23, 2007, this Court granted the Swiss
5  authorities' motion to dismiss on the grounds of lack of subject-matter jurisdiction; the Court
6  found that the Swiss authorities were immune from suit under the Foreign Sovereign
7  Immunities Act (C 07-02782, Doc. 50).

8    Defendant now claims that the Court's October 23 order contradicted the Court's former
9  orders premised on the legitimacy of the assets.  The new order "in fact de-legitimized the
10 Hilsenrath family's assets held by the Swiss" (Br. 2).  He further argues that, under the terms of
11 the plea agreement, he only agreed to pay restitution out of legitimate funds.  Because he never
12 agreed to "criminal forfeiture of legitimate assets," he claims that his financial obligations
13 should be dismissed.

14   This order finds defendant's argument has no merit and agrees with the government's
15 response, set forth in Case No. CR 03-00213, Doc. 413.  *First*, any dispute defendant has with
16 the Swiss authorities over the freezing of his assets cannot be resolved here, as discussed in this
17 Court's October 23 order.  The order did *not* legitimize the Swiss seizure of his assets; the order
18 merely said that the Court lacked subject-matter jurisdiction over the suit.  This had no bearing
19 on defendant's obligation to pay the two million dollars in fines and taxes.  *Second*, defendant
20 cannot escape the obligation to pay restitution pursuant to the plea agreement simply by arguing
21 that he did not agree to the criminal forfeiture of legitimate funds.  There is no such forfeiture.
22 The Swiss authorities could first transfer the funds directly to defendant, who could then
23 transfer the agreed-upon amount to the United States.  Or, defendant could direct the foreign
24 banks to transfer the funds directly to the United States.  Defendant need not agree to a
25 forfeiture.  *Third*, the Court cannot hear defendant's challenge to the restitution order because
26 he waived his right to appeal his sentence — which includes restitution.

1  For the foregoing reasons, defendant's motion to alter judgment is **DENIED**.

3  **IT IS SO ORDERED.**

5  Dated: November 7, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE