OLIVER HILSENRATH
822 Eastbrook Ct.
Danville, CA 94506
Telephone: 925.212.6299
Facsimile: 925.736.7571
Email: oliver_hilsenrath@sbcglobal.net

PLAINTIFF *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**OLIVER HILSENRATH,**

    **Plaintiff,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Defendant.**

Case No. C07-05100 WHA
Related to CR 03-00213 WHA

**MEMORANDUM IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS**
_____

Date: January 3, 2008
Time: 8:00 a.m.
Room: 9, 19th Floor
Judge: Hon. William H. Alsup

**INTRODUCTION**

This case is about a number of significant controversies on constitutional rights and rights conferred by the Treaty with Switzerland. Therefore pursuant to 28 USCS § 1331 this Court shall have jurisdiction over this dispute.

The US government's interpretation of the Treaty as the Law of the Land (in the government's own words) is that the US government is merely an idle pipeline for Swiss documents, merely a paper-pusher at the service of the Swiss government.

Plaintiff Oliver Hilsenrath disagrees and so does the language of the Treaty. The Treaty provides an active and proactive role for the US government. Oliver Hilsenrath should enjoy significant protections through the review and diligence of the US government in matters related to the Treaty. Oliver Hilsenrath should be protected from the use of the Treaty to execute a Swiss judgment in criminal matters (Article 2) in obstruction of fundamental criminal law and due process. Oliver Hilsenrath should be protected by the US government against non-credible allegations of Swiss authorities (Article 8). Oliver Hilsenrath should be protected by the US government against Swiss threats to prosecute him on acts on the bases of which he was acquitted in-and-by this very Court (Article 3).

Pursuant to The Right of Review - 5 USCS § 702 – Plaintiff Oliver Hilsenrath is entitled to litigate against the US government and to overcome the government's sovereign immunity. This is particularly relevant in the instant case where he is asking for injunctive and declaratory relief.

**MAIN ISSUES**

Defendant, US government, moves this court to dismiss the current action essentially on the following grounds:

1. Defendant states that the treaty with Switzerland (Attachment A) obligates her, as "the law of the land", and that treaty obligates defendant to serve the plaintiff, Oliver Hilsenrath, with the Swiss criminal judgment.

   - Plaintiff will show that defendant errs. The treaty <u>specifically prohibits</u> execution of judgments in criminal matters.

2. Defendant states that the present action is moot based on an electronic note of a Swiss person (Mauro) of unidentified authority.

   - Plaintiff will show that "Mauro" has no standing in this court, nor does his opinion of Swiss law.

- Service of a court order is executed in the United States according to the Treaty and US law.
- Further, the Swiss government is represented in this court by their attorney Sharon O'Grady, who does have a standing in this court, and who attested in writing in this court that the present action is effective as to the current matter.

3. Defendant argues that this court has no subject matter jurisdiction over the present action.

- As will be shown, this argument is in error of law.
- It should be noted that this action was initially presented as a motion in a criminal case CR03-00213 *inter alia* to protect plaintiff's ability to meet his plea agreement with defendant. The present case was subsequently branched as a separate civil case at the initiative of the US government. If the US government knew at the time of their recommendation (to branch this case) that by branching they defeat this Court's jurisdiction, than she mislead the Court and the case should be returned to the framework of the criminal case CR03-00213.
- As plaintiff believes that the US government recommended to branch this current issue in a separate civil case in good faith, defendant implicitly waived jurisdictional and immunity objections.

Plaintiff will ask the court to deny this present motion to dismiss.

## ARGUMENT

### I. The Treaty shall not be applied for execution of criminal judgments

Article 2 of the treaty (Beeler Decl. Current Case, Doc 8-4, Ex. C) specifically states:

> *Article 2*
> *Non-Applicability*
> *1. This Treaty shall not apply to:*
> *(b) execution of judgments in criminal matters;*

Therefore the Court should enjoin the US government from being involved in the execution of a Swiss criminal judgment by means of the Treaty.

This caveat in the Treaty is along the guidelines of fundamental criminal justice that protects the fundamental right of a criminal defendant to face his accusers in a court of law.

This Court should enjoin the US government from assisting in the execution of a foreign criminal judgment, that includes arrest, confiscation of assets, and interference with Oliver Hilsenrath's obligations under the plea in case CR03-00213.

The improper service occurred by means of the US mail and in circumvention of fundamental rights to answer criminal charges[1].

## II. The US Government has a duty to refuse assistance to the Swiss in the current matter

Under Article 3 of the treaty (Attachment A), the US government had an obligation to refuse assistance to the Swiss government to prosecute Oliver Hilsenrath on a matter already adjudicated in this court (Court Orders, Case CR03-00213 Doc's 302 and 309).

> *Article 3*
> *Discretionary Assistance*
> *1. Assistance may be refused to the extent that:*
> *(b) the request is made for the purpose of prosecuting a person, other than a person described in paragraph 2 or Article 6* [Organized Crime[2]]*, for acts on the basis of which he has been acquitted or convicted by a final judgment of a court in the requested state for a substantially similar offense and any sentence has been or is being carried out.*

The order in subject is in furtherance of Swiss prosecution of an already adjudicated and exonerated matter in this very Court.

The US government should have exercised good judgment according to the Treaty and refused to further the said Swiss prosecution by assisting in effecting its criminal order.

Plaintiff in this action is petitioning this Court to enjoin the US government from serving an order in furtherance of such conflicted prosecution. The current petition and the relief requested are therefore along the lines with the language and spirit of the Treaty.

---

[1] Oliver Hilsenrath, Plaintiff in this action offered numerous times and as recent as last month via the OIA to show up in Switzerland if needed by the prosecutors there. The Swiss never replied but preferred to effect a criminal judgment by means of the US mails as indicated in this action.

[2] Note added

4

It was Oliver Hilsenrath's right under US law and under the Treaty to be protected by the US government from re-adjudication by Swiss criminal authorities of an alleged offense on US soil of which he was acquitted by this very Court.

### III. The Treaty calls for exercise of judgment where allegations are not credible

Article 8 of the Treaty presents further grounds for the US government to refuse the Swiss request for assistance in serving a criminal judgment:

> ### Article 8
> ### Applicable Procedure
> *2. The Central Authority of the requested state shall have the right to review the determination of the requesting state as to the applicability of this chapter. It need not accept such determination where the suspicion, conclusion or opinion underlying such determination has not been made credible.*

The US government has determined that the Swiss *suspicion, conclusion or opinion underlying their determinations* is *not credible*. The Court in its Orders, Case CR03-00213 Doc's 302 and 309, and the US government have repeatedly documented the above in numerous documents.

As per Article 8 above, the US government, needed to not accept to take actions against a US citizen under knowingly not credible conclusions of fact and law.

By accepting the not credible Swiss conclusions of fact and law, the US government failed to protect Oliver Hilsenrath's rights and in fact breached them.

### IV. This Court's injunction shall be an effective measure

The US government errs in asserting that to prevent the service of the Swiss order on Plaintiff is moot. In fact this Court's injunction shall be effective measure in preventing several breaches of Plaintiff's rights.

Defendant's assertion of mootness is solely based on a self-serving email exchange documented in the Beeler Declaration (Beeler Decl. Current Case, Doc 8-4, Ex. B).

The person whose opinion is cited "Mauro" seems to give an opinion of Swiss law. The Swiss law is of no consequence in this current matter, which is solely governed by US law and the Treaty.

More so, Mauro's self-serving email opinion of Swiss law is contradicted by Sharon O'Grady, attorney for the Swiss government, who stated in this very Court as follows (Case 07-03782WHA, Hilsenrath v. Swiss Fed., Doc 43 at Pg. 8):

> "The Swiss Government understands that Mr. Hilsenrath is attempting to prevent the U.S. Government from providing proof of service of the Provisional Suspension of Investigation to the Swiss Department of Justice and Police, which in turn is delaying the ability of the Swiss Federal Prosecutor to request that Belgium and Poland release the assets to the United States."[3]

Therefore by the Swiss government's statement in this Court, the prevention of service of the referenced Swiss order has indeed curbed the execution of the order[4] and is therefore not moot (as suggested by the government's current motion to dismiss).

**V. The service of the Swiss criminal judgment is executed by means of the US government - therefore governed by US law and by the Treaty.**

Article 22 of the treaty states as follows (Attachment A):

> *Article 22*
> *Service of Documents*
> *4. Proof of service shall be made by a receipt dated and signed by the person served or by a declaration specifying the form and date of service and signed by the person effecting it.*

---

[3] This statement of the Swiss government, by their attorney in California - Sharon O'Grady, is of course equally self-serving albeit conflicting with Mauro's statement in the Beeler declaration. O'Grady's statement omits to say that the so called Swiss order also includes the issuance of an indefinite arrest warrant, the confiscation of all Hilsenrath funds in Switzerland into the pockets of the Swiss with no adjudication or even charges, and indefinite incrimination in other foreign jurisdictions such as Belgium and Poland.

[4] By the Beeler declaration the US government/OIA has not returned the proof of service to the Swiss Central Authority pending this current adjudication.

6

Clearly as long as the US government does not return the signed receipt of an equivalent declaration, service was not completed (see also Beeler Declaration).

Further, Article 32 (Beeler Decl. Current Case, Doc 8-4, Ex. C) states that the OIA shall return to the Swiss all documents obtained (proof of service in the current case) but shall postpone such *delivery of documents, records or articles of evidence if they are needed in an official action pending in the requested state* – such as this present adjudication.

> ***Article 32***
> ***Return of Completed Requests***
> *1. Upon completion of a request, the executing authority shall return the original request together with all information and evidence obtained, indicating place and time of execution, to the Central. Authority of the requested state. The latter shall forward it to the Central Authority of the requesting state.*
>
> *2. The delivery of documents, records or articles of evidence may be postponed if they are needed in an official action pending in the requested state and, in case of documents or records, copies have been offered to the requesting state.*

Clearly, the Treaty ("The Law of the Land" in the US government's own words) provides the method to delay the return of proof of service pending this current adjudication.

The relief requested is therefore available and effective under the Treaty and US law.

The Swiss government has chosen to improperly serve Oliver Hilsenrath with a criminal judgment by means of the Treaty and the US legal system. They have no choice now but to abide to the Treaty and to US law in effecting their service. Swiss law and unqualified opinions on international law are of no consequence in this action.

**VI. Consultation and Arbitration between the governments**

This current petition for a writ of injunction is also material in reliance of the Treaty's Arbitration and Consultation Clause: Article 39 (Beeler Decl. Current Case, Doc 8-4, Ex. C).

In a case such as the instant case, where the two governments cannot reach common ground in reference to the prosecution of the instant criminal case, and they are acting in conflicting ways, the Treaty has set forth a mechanism of arbitration.

It was inappropriate to attempt resolution of a dispute between the US and the Swiss governments by means of a Danville postman attempting to entrap plaintiff Oliver Hilsenrath by placing among utility bills a Swiss criminal judgment.

> *Article 39*
> *Consultation and Arbitration*
> *2. * * * Any dispute between the contracting parties as to the interpretation or application of the present Treaty, not satisfactorily resolved by the central authorities or through diplomatic negotiation between the contracting parties, shall, unless they agree to settlement by some other means, be submitted, upon request of each contracting party, to an arbitral tribunal of three members.*
> *             * * **
> *7. The decisions of the tribunal shall be binding on the contracting parties.*

Oliver Hilsenrath is petitioning this Court to enjoin the US government from an improper service and if necessary to compel arbitration of the matter of the Swiss disputed criminal judgment according to Article 39 of the Treaty.

**VII. Jurisdiction and Immunity**

This court has proper jurisdiction over the matters in question and the US government cannot assert immunity on several grounds.

(1) First and foremost this current case was separated from the case in chief CR03-00213, a case brought by the US government and under which the jurisdiction of this Court is established.

If the government erred in suggesting this step to the Court, and indeed by that annulled the ability of Oliver Hilsenrath to adjudicate this matter, then the matter needs to be returned to case CR03-00213 for continuing litigation as a writ within that case[5].

---

[5] It would not be the first time that the government erred in case CR03-00213 by suggesting a severance of matters just to subsequently expose the Court to a legal conundrum and have the Court go back on its severance order.

(2) Article 31 of the Treaty confers jurisdiction of the Court over the US government:

> **Article 31**
> **Execution of Requests**
> *The court or <u>authority to which a request is transmitted</u> shall have all of the jurisdiction, authority and power in executing the request which it has in investigations or proceedings with respect to an offense committed within its jurisdiction. (Emphasis added)*

(3) Fundamentally 28 USCS § 1331 confers the Court's jurisdiction over the US government in respect to all civil actions arising under the Constitution, laws, or treaties of the United States.

> *28 USCS § 1331: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.*

As said in the introduction, plaintiff and defendant have a significant controversy of law in reference to the Treaty: The US government seems to interpret its role under the Treaty as an idle pipeline of foreign documents. Defendant disagrees and asserts the right to be protected by the US government under Articles 2, 3, 8 and others of the Treaty against:

- Abuses of due process in executing criminal judgments;
- Prosecution with no credible foundation; and
- Adjudication of criminal matters already adjudicated and dismissed.

(4) The Right of Review - 5 USCS § 702 – constitutes a waiver of sovereign immunity.

> *5 USCS § 702 waives sovereign immunity for equitable actions brought pursuant to 28 USCS § 1331, federal question statute. Guerrero v Stone (1992, CA9 Cal) 970 F2d 626, 92 CDOS 6254, 92 Daily Journal DAR 9910.*
>
> *Administrative Procedure Act does serve as waiver of sovereign immunity, at least to extent of injunctive and declaratory relief. Estrada v Ahrens (1961, CA5 Fla) 296 F2d 690, 5 FR Serv 2d 279.*

The Right of Review - 5 USCS § 702 is of particular relevance here as the instant action calls for injunctive and declaratory relief.

(5) In - *Nuclear Data, Inc. v. Atomic Energy Com., 344 F. Supp. 719* – The Supreme Court identified two prongs for meeting the" standard to sue".

> *[T]he Supreme Court set forth the two modern prerequisites for "standing to sue": (1) There must be injury in fact to the Plaintiff, economic or otherwise; and (2) The interest sought to be protected by the Plaintiff must arguably be within the zone of interests to be protected or regulated by the statute involved. If Plaintiff meets both of these requirements, it is an "aggrieved" person under 5 U.S.C. § 702 and entitled to bring the instant suit.*

Oliver Hilsenrath meets and exceeds the standards of an "aggrieved" person under 5 U.S.C. § 702 and should be entitled to bring the instant suit.

In reference to the Treaty, Oliver Hilsenrath is entitled to freedom of:

    i.    Unlawful execution of a criminal judgment by means of the Treaty pursuant to Article 2 of the Treaty and in violation of due process.

    ii.    Unlawful prosecution for acts on the basis of which he has been acquitted pursuant to Article 3 of the Treaty.

    iii.    Improper prosecution without sufficient probable cause pursuant to Article 8 of the Treaty.

In reference to his right under the U. S. Constitution[6], Oliver Hilsenrath is entitled to:

    iv.    Freedom of indefinite threat of incarceration effected by the service of the order by means of the Treaty.

---

[6] *USCS Const. Amend. 5 procedural protections of due process come into effect only if person is threatened with deprivation of property or liberty interests.*

10

v.    The unobstructed right to meet the financial obligations of his plea in case CR03-00213 and the ability to discharge the burdens of this Court's sentence in that case. The unlawful and disputed execution of the Swiss criminal judgment by means of the Treaty, and effected by the US government, includes confiscation of legitimate assets marked as tax payments and fines to this Court. In absence of the funds, plaintiff will remain in a perpetual state of an unfulfilled plea.

## CONCLUSION

The Court should deny the US government's motion to dismiss.

1. The US government/OIA erred in attempting to serve Oliver Hilsenrath with a Swiss criminal judgment. By that attempt the US government assisted in the execution of a criminal judgment in breach of Oliver Hilsenrath's right under Article 2 of the Treaty.

2. The US government further failed to exercise its due discretion to protect Oliver Hilsenrath from a knowingly non-credible action pursuant to the protections awarded to him by Article 8 of the Treaty

3. The US government failed to protect Oliver Hilsenrath in respect to his right under Article 3 of the Treaty to not be prosecuted on the basis of facts on which he was already acquitted (see Orders 302 and 309 of Case CR03-00213).

4. The injunctive and declaratory relief sought is effective and shall eliminate the aforementioned breaches of Constitutional rights and breaches of rights under the Treaty.

5. This Court has jurisdiction over the instant matter

6. The US government cannot assert immunity as a defense in this instant case.

For the above reasons, arguments and supporting law and for good reason shown, the Court should deny defendant's motion to dismiss.

Dated: December 13, 2007

        Respectfully submitted,

                OLIVER HILSENRATH

                Plaintiff *pro se*

                    /s/ Oliver Hilsenrath